KOTILA *v.* McGINTY

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—GROUNDS FOR OBJECTION.

Simple objection to requested jury instruction did not properly preserve the question of the correctness of the instruction for appellate review inasmuch as it failed to state the grounds for the objection (GCR 1963, 516.2).

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—COURT RULE.

The obvious intent of the court rule on objections to jury instructions is to forestall counsel from raising objections to everything in a charge in order that all questions would be preserved for appellate review (GCR 1963, 516.2).

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—COURT .RULE—PRESERVING QUESTION—GROUNDS FOR OBJECTION.

Court rule clearly requires that, when raising an objection to a jury instruction, one must state the grounds on which one is objecting; thus, trial counsel will not be allowed to attempt to preserve questions relating to instructions through the use of random objections raised without an adequate showing of some real ground (GCR 1963, 516.2).

Appeal from Houghton, Leo J. Brennan, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket No. 6,782.)   Decided December 3, 1970.

Complaint by Sylvia M. Kotila against Jennie McGinty for damages resulting from a fall in defendant's dress shop. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Appeal and Error § 623.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Norman McLean,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. On July 8, 1964, a jury in Houghton County Circuit Court returned a verdict of no cause of action by plaintiff. The original dispute arose out of injuries sustained by plaintiff from a fall in defendant's dress shop.

Defendant requested that the trial court instruct the jury that any diversion caused by a display case located beside the steps in question would not lessen the degree of care required of plaintiff for her own safety. Plaintiff's counsel objected to the proposed instruction, but gave no grounds for that objection. The essentials of defendant's proposed instruction were given by the court as part of its charge to the jury.

Plaintiff's simple objection to the requested instruction did not properly preserve the question of the correctness of the instruction for appellate review inasmuch as it failed to state the grounds for objection. It should be noted that counsel merely objected to the instruction, but did not inform the court the reasons for the objection, even when the court asked him to continue.

GCR 1963, 516.2 provides:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The obvious intent of the rule is to forestall counsel from raising objections to everything in the charge in order that all questions would be preserved for appellate review. Plaintiff made no objection to the instructions as given by the court.

It is not enough to merely object to a proposed instruction. GCR 1963, 516.2 clearly requires that when raising an objection one must state the grounds on which one is objecting. The necessity of this rule is obvious. The trial court must be apprised of the nature of the objection so that it might make a proper and well-considered decision as to the validity of a given instruction. Trial counsel will not be allowed to attempt to preserve questions relating to instructions through the use of random objections raised without an adequate showing of some real grounds.

Affirmed. Costs to appellees.