LARZELERE v FARMINGTON TOWNSHIP

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTIONS—COURT
   RULES.

   No party may assign as error the giving or the failure to give an
   instruction unless he objects thereto before the jury retires to
   consider the verdict, stating specifically the matter to which he
   objects and the grounds of his objection; a counsel's reference to
   a statute and expression of uncertainty as to whether a court
   has instructed pursuant to a court rule does not preserve the
   issue for review (GCR 1963, 516.2).

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY.

   Instructions to the jury are viewed as a whole on appeal.

Appeal from Oakland, Robert L. Templin, J.
Submitted June 4, 1975, at Lansing. (Docket No.
20564.) Decided August 14, 1975.

Complaint by Charles T. Larzelere, administrator of the estate of Virginia M. Larzelere, against
Farmington Township and Edmund Wozniak, for
damages for wrongful death arising out of an
automobile accident. Judgment for defendants.
Plaintiff appeals. Affirmed.

*John R. Wilder (Thomas Rasmusson,* of counsel),
for plaintiff.

*Wilson, Portnoy, Basso & Leader, P. C.,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
[2] 5 Am Jur 2d, Appeal and Error § 891 *et seq.*

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals from a jury verdict of no cause of action. Plaintiff instituted this suit as administrator of the estate of Virginia Larzelere, alleging that defendant police officer, Edmund Wozniak, was negligent in the operation of an emergency vehicle which struck and killed the deceased.

Testimony at trial revealed that at about 10 p.m. on July 20, 1970, Officer Wozniak received a radio run informing him of an altercation involving possible use of a gun. The officer was then at Middlebelt Road near the intersection of Twelve Mile Road. He proceeded south in the direction of the alleged emergency with roof lights flashing. The posted speed limit on Middlebelt Road south of Ten Mile Road was 45 m.p.h. Testimony as to Officer Wozniak's speed at the point of impact varied. Officer Wozniak testified that he was traveling from 50 to 55 m.p.h., while plaintiff's expert witness, who was not at the scene, calculated Wozniak's speed at 62 m.p.h.

Officer Wozniak testified that, as he was proceeding on Middlebelt south of Ten Mile, he saw a flash of light moving from the east side of Middlebelt to the west at the point where Stockton Street intersects Middlebelt. In order to avoid striking the object he turned his vehicle to the right and applied his brakes. He recalled seeing the deceased for the first time at the point of impact.

The only other witness to the accident was Melinda Zaher. Proceeding north on Middlebelt near Stockton Street, she saw the flashing lights of the police vehicle traveling in the opposite direction. She observed something very black run very

quickly in front of her vehicle. As the object reached the southbound lane of Middlebelt it ran directly in front of Officer Wozniak's police vehicle.

Officer Wozniak testified that he did not activate the siren on his police vehicle for the following reason:

"Well, the nature of the police call was the reason I didn't activate. I wouldn't activate it in the situation to tip off the suspect with a gun that I was coming for fear he might do whatever he might have in his mind before I got there."

At the close of proofs the trial court instructed the jury. The jury was excused and the trial court inquired whether either party had objections to the instructions as given. Plaintiff's counsel responded as follows:

"I'm satisfied, your Honor, except for the fact section referring to MCLA 257.703(d)[1] on the requirement of sounding both the siren and the flasher as an exception to the prima facie speed limit. I'm not saying it didn't, it may have come out."

Plaintiff first contends that the trial court erred in failing to instruct the jury on all of the relevant statutory portions of MCLA 257.603(d); MSA 9.2303(d), concerning rules of conduct and exemptions for emergency vehicles. We reject plaintiff's contention. GCR 1963, 516.2 clearly states that:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, *stating*

---

[1] Although plaintiff's attorney referred to MCLA 257.703(d), he obviously meant MCLA 257.603(d).

*specifically the matter to which he objects and the grounds of his objection."* (Emphasis supplied.)

A review of the transcript, particularly that portion quoted earlier in this opinion, convinces us that the form of the objection does not satisfy the court rule. Mere reference to a statute and an expression of uncertainty as to whether the court has instructed pursuant to the court rule does not preserve the issue for review. *Cacavas v Bennett,* 37 Mich App 599; 194 NW2d 924 (1972), *lv den* 387 Mich 767 (1972), *Kotila v McGinty,* 28 Mich App 396; 184 NW2d 462 (1970).

We find that even if the objection was properly preserved, the substance of plaintiff's request was met when viewing the instructions as a whole. While the trial court did not read MCLA 257.603(d); MSA 9.2303(d),[2] it did read MCLA 257.706(d); MSA 9.2406(d).[3] Both statutes basically provide exemptions for an emergency vehicle emitting audible sounds. The trial court indicated that the vehicle was exceeding the speed limit, constituting a violation of the statute unless there was compliance with the requirements for emergency

[2] MCLA 257.603(d); MSA 9.2303(d):

"(d) The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle."

[3] MCLA 257.706(d); MSA 9.2406(d):

"(d) Any authorized emergency vehicle may be equipped with a siren, whistle or bell capable of emitting sound audible under normal conditions from a distance of not less than 500 feet, but such siren shall not be used except when such vehicle is operated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law, in which said latter events the driver of such vehicle shall sound said siren when necessary to warn pedestrians and other drivers of the approach thereof."

vehicles. The jury was instructed that in determining whether Officer Wozniak exercised reasonable care at the time of the accident they should consider the emergency situation that was present. If they found that the violations were not within the exceptions afforded motor vehicles, then the violations would not be excused and would constitute negligence as a matter of law. No reversible error occurred.

Plaintiff next argues that the trial court erred when it failed to give Standard Jury Instruction 12.01. The record reveals that the trial court gave Standard Jury Instruction 12.01 verbatim to the jury.

We find plaintiff's remaining allegations of error to be without merit.

Affirmed.