MAZUREK v STANDARD OIL COMPANY

Docket No. 77-4582. Submitted April 5, 1979, at Grand Rapids.—
Decided May 21, 1979. Leave to appeal applied for.

Plaintiff, David Mazurek, is the administrator of the estate of
Sharon Mazurek, who died in a fire when static electricity
ignited some naphtha she was pouring from one container to
another. Defendant, Standard Oil Company, had delivered the
naphtha to the decedent's employer for the past 20 years,
placing it in black drums. Plaintiff alleged negligence in 1)
delivering the naphtha in violation of a statute requiring
delivery of naphtha into containers painted vermillion red, 2)
in failing to warn of the volatility of the naphtha and the safe
method of transferring the naphtha from one container to
another, and 3) misrepresentation of the volatility of the naph-
tha through a billing error indicating a less volatile form of
naphtha. At trial, after the evidence was all in, the Kent
Circuit Court, George R. Cook, J., refused to submit plaintiff's
theory of the case to the jury after it learned that defendant
had not prepared a theory of the case, holding that what
plaintiff wanted submitted was actually a second closing argu-
ment and that the court had no duty to edit it for submission to
the jury. The court went on to instruct the jury in effect that
the elements of misrepresentation must be found in order to
find liability under any theory. The trial court also instructed
the jury that it need not infer negligence from a violation of a
statute if defendant proved an excuse for the violation and if
defendant exercised ordinary care. The jury returned a verdict
of no cause of action. Plaintiff appeals. *Held:*

1. Under a court rule, the trial court had a duty to present
plaintiff's theory of the case when requested, either as submit-
ted or edited so as to present the material substance of the
theory; there is no exception where one party fails to prepare a
theory of the case.

2. The court erred in effectively instructing the jury that

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 698, 699.
[2] 57 Am Jur 2d, Negligence § 8.

misrepresentation was necessary to find liability under any of plaintiff's theories.

3. It was error for a trial court to instruct the jury that it need not infer negligence from a violation of a statute if the violator proved an excuse for the violation and if he exercised ordinary care where there was no evidence from which the jury might infer that the statute violation was excusable.

Reversed and remanded.

1. Trial — Instructions to Jury — Theory of Case — Court Rules.

A trial court must, upon request, present to the jury after the close of the evidence a party's theory of the case, either as submitted or edited so as to present the material substance of the theory, and it is error to refuse a party's request to submit his theory of the case to the jury for the reason that the other party had failed to prepare a theory of the case (GCR 1963, 516.7).

2. Negligence — Violation of Statutes — Instructions to Jury.

It was error for a trial court to instruct the jury that it need not infer negligence from a violation of a penal statute if the violator proved an excuse for the violation and if he exercised ordinary care where there was no evidence from which the jury might infer that the statute violation was excusable.

*Ryan, Boerema, Jarosz, Kail & Gaskin* and *Cholette, Perkins & Buchanan* (by *Robert A. Benson*), for plaintiff.

*Warner, Norcross & Judd* (by *Wellson G. Knack*), for defendant.

Before: D. E. Holbrook, Jr., P.J., and R. B. Burns and Bashara, JJ.

R. B. Burns, J. In this wrongful death action, a jury returned a verdict of no cause of action against plaintiff, who appeals. We reverse.

Plaintiff's decedent was an employee of Baker Furniture Company. Over a period of at least 20 years defendant delivered a highly volatile form of

naphtha and deposited it in black 55-gallon drums located in Baker's oil house. Baker employees took naphtha from the drums into the Baker factory in five-gallon cans. On February 5, 1976, static electricity ignited naphtha being poured from a five-gallon can to a one-gallon jug by plaintiff's decedent. Plaintiff's decedent died of burns on May 17, 1976.

The trial in this case was a long one, and the proofs complex. Evidence presented by plaintiff tended to establish negligence under three theories. The first concerned defendant's violation of MCL 750.502; MSA 28.770, which requires that deliveries of naphtha be made to containers painted vermillion red. The second concerned the failure of defendant to warn of the volatility of the naphtha and the safe method of transferring naphtha from one container to another. The third concerned possible misrepresentation by defendant of the volatility of the substance through a billing error indicating that a less volatile form of naphtha had been delivered. Defendant focused upon evidence tending to indicate a lack of proximate causation.

Plaintiff argues on appeal that the trial court made a number of instructional errors, to which he had objected. Defendant responds that none of the instructional errors were preserved for review, for no grounds for objection were given. GCR 1963, 516.2, *Kotila v McGinty,* 28 Mich App 396; 184 NW2d 462 (1970). The purpose of the requirement that the grounds for objection be stated is to inform the trial court of the nature of the objection so that it may make a reasoned decision as to the validity of the particular instruction. *Kotila v McGinty, supra.* The instructions in this case were prepared by the trial judge, who heard and resolved objections off the record before the instruc-

tions were read to the jury by a substitute judge. Although the substitute judge allowed counsel to state objections for the record, he did not consider the substance of the objections, for the trial judge had already ruled thereon. Thus, the opportunity given counsel to state objections was *pro forma,* solely designed to preserve issues for appeal. Defense counsel made no objection to this procedure or to the brevity of plaintiff's objections. We find that the basis for three objections can be discerned from the record, and conclude that those objections were sufficiently specific to preserve the issues for review.

Plaintiff's counsel submitted to the trial court his theory of the case. GCR 1963, 516.7. Upon ascertaining that defense counsel had not prepared a theory of the case, the trial court asked plaintiff's counsel to waive plaintiff's right to have his theory read to the jury. When plaintiff's counsel declined, the trial court ruled that it would not give any instruction on the parties' theories of the case. At the conclusion of the jury instructions, plaintiff's counsel objected to the trial court's failure to give plaintiff's theory of the case. The trial judge later opined that what plaintiff had submitted was actually a second closing argument, and that he had no duty to edit plaintiff's theory of the case.

GCR 1963, 516.7 is mandatory. The trial court must either give the theory as submitted or edit it so as to present to the jury the material substance of the theory. The rule provides for no exception where the opposing party fails to submit a theory of the case. *Moore v B & C Family Center, Inc,* 85 Mich App 600; 272 NW2d 150 (1978).

The trial court's failure to provide the jury with a statement of the issues and theories of the case

aggravated the effect of a second error. The instructions on the law relating to plaintiff's three theories were presented in a disjointed and confusing manner. The instruction on misrepresentation contained no introductory words identifying it as a separate and distinct theory of liability under which plaintiff could recover. Rather, the instruction effectively advised the jury that it must find the elements of misrepresentation in order to find liability under any theory. Plaintiff's counsel correctly objected, stating that the jury should be advised that the elements of misrepresentation need not be proven in order for plaintiff to recover under a different negligence theory.

The third error concerns the trial court's instruction on the effect of defendant's violation of MCL 750.502; MSA 28.770. The trial court instructed the jury that it need not infer negligence from a violation of a statute if defendant proved an excuse for the violation and if defendant exercised ordinary care. Plaintiff's counsel had requested that the jury be instructed that a violation of the statute established negligence as a matter of law, and that only proximate causation remained to be found to establish liability. Plaintiff's counsel objected to the instruction given.

In *Zeni v Anderson,* 397 Mich 117, 143; 243 NW2d 270 (1976), the Supreme Court held that, where a penal statute is adopted as the standard of care in a negligence action, violation of the statute establishes a prima facie case of negligence, with the determination to be made by the finder of fact whether the party accused of violating the statute established a legally sufficient excuse for the violation. This holding may be read as requiring that an "excuse" instruction be given even where there is no evidence of a legally suffi-

cient excuse. Such a determination would be dictum, for in *Zeni* there was some evidence of a legally sufficient excuse. In *Poplowski v Huron Clinton Metropolitan Authority,* 78 Mich App 644; 260 NW2d 890 (1977), *lv den with disclaimer of Court of Appeals analysis,* 402 Mich 882 (1978), this Court stated that *Zeni* should not be read so broadly, and that an "excuse" instruction should be given only where there is some evidence from which a jury could infer that a statute violation was excusable. The holding in *Poplowski* is consistent with the general, well established rule that an instruction of law should not be given unless there is some evidence to support the instruction. See, *e.g., Massey v Scripter,* 401 Mich 385, 393; 258 NW2d 44 (1977). We agree with the decision in *Poplowski.* We also agree with plaintiff that evidence that the violation was a long recurring one is not evidence of a legally sufficient excuse, and that the "excuse" instruction should not have been given.

Reversed and remanded for a new trial. Costs to plaintiff.