CORNFORTH v BORMAN'S, INC

Docket No. 80325. Submitted November 13, 1985, at Detroit.—Decided January 22, 1986.

Plaintiffs Ruth and Robert Cornforth filed suit in Oakland Circuit Court against Borman's, Inc., after Ruth sustained an injury when she slipped and fell on the floor of a Farmer Jack's supermarket owned by defendant. The jury returned a verdict of no cause of action against plaintiffs. Judgment was entered thereon, George H. LaPlata, J. Plaintiffs appealed raising several issues. *Held:*

1. The trial court's instructions deviated from the standard jury instruction regarding the duty of a possessor of land, premises or place of business. The deviation resulted in an inaccurate statement of the law which severely prejudiced the plaintiffs and amounted to a manifest injustice requiring reversal.

2. The trial court's failure to give the standard jury instructions on defendant's taking plaintiff Ruth as it finds her and on aggravation of a preexisting condition as an element of damages does not require reversal. The trial court gave the jury a more applicable standard jury instruction on the inability to determine the extent of aggravation of injuries instead of the instruction on aggravation of a preexisting condition. While the Court of Appeals agreed that the jury instruction on defendant's taking plaintiff Ruth as it finds her was applicable and should have been given, the jury never reached the issue of damages making the absence of such jury instruction inconsequential.

3. The trial court's failure to give the standard jury instruc-

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, New Trial §§ 6, 17, 183.

Am Jur 2d, Trial §§ 600-603, 643.

Am Jur 2d, Witnesses §§ 518, 591.

Modern status of role regarding necessity of instruction on circumstantial evidence in criminal trial-state cases. 36 ALR4th 1046.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error.

tion on credibility of witnesses was not consistent with substantial justice and constituted error requiring the vacation of the verdict.

4. Plaintiffs' claim of error in the trial court's failure to give various other standard jury instructions which they requested was not supported by arguments in their brief. Therefore, the Court of Appeals could not properly rule on those claims of error.

5. The trial court erred in not granting plaintiffs' request for a nonstandard jury instruction on a proprietor of a building's failure to employ adequate slip-preventing devices in common areas that become slippery as a result of foreseeable tracking or accumulation of water. The jury instruction was applicable to the case and the trial court's failure to so instruct the jury required reversal.

6. The trial court erred in failing to present plaintiffs' theory of the case or an edited version thereof to the jury. The trial court did not comply with the court rule on instructions to the jury. By not instructing the jury on the legally relevant facts supporting plaintiffs' theory of recovery and given the trial court's failure to properly instruct on the law, plaintiffs suffered a manifest injustice requiring reversal.

7. The trial court did not abuse its discretion in denying plaintiffs' motion for a new trial on the basis that the verdict was against the great weight of the evidence. The record did not support plaintiffs' contention.

8. Plaintiffs did not object to the trial court's admission of the supermarket manager's testimony as to the nonexistence of prior accidents at the supermarket. Appellate review was precluded inasmuch as plaintiff failed to make an objection or establish that manifest injustice resulted from the admission of the challenged testimony.

9. The trial court erred in admitting, over objection, a hearsay statement by plaintiff Ruth's doctor regarding a recommendation that she be hospitalized for delusions. The statement was offered by defendant for the truth of the matter asserted. However, it was harmless error in light of defendant's impeachment of plaintiff Ruth on several other points.

Reversed and remanded for a new trial.

1. TRIAL — STANDARD JURY INSTRUCTIONS — COURT RULES — APPEAL.
   A trial court is duty bound to give a properly requested standard jury instruction where it determines, in its discretion, that the instruction is applicable; failure by a trial court to so instruct a jury is a basis for reversal where it results in unfair prejudice

to a complaining party such that a failure to vacate the jury verdict would be inconsistent with substantial justice (GCR 1963, 516.6[2], now MCR 2.516[D][2]).

2. TRIAL — JURY INSTRUCTIONS — COURT RULES — APPEAL.

Generally, a party must object to the giving of a jury instruction before the jury retires for deliberation on the verdict and must specifically state the matter to which the objection is directed and the specific grounds for objection to preserve the assignment of error on appeal; absent such specific objections, allegations of instructional error are reviewed on appeal only where a complaining party has suffered a manifest injustice (GCR 1963, 516.2, now MCR 2.516[C]).

3. APPEAL — HARMLESS ERROR.

Reversal is not warranted when the result at trial would not have been different had the trial been conducted free of the errors alleged on appeal.

4. APPEAL — PRESERVING QUESTION.

A statement of position alone, without any supporting argument or citation of authority, is insufficient to bring an issue before the Court of Appeals.

5. TRIAL — JURY INSTRUCTIONS.

A trial court may give jury instructions which are not included in the standard jury instructions where no standard jury instruction applies; the trial court is obligated to honor written requests for such additional jury instructions so long as the requested instructions properly instruct on the applicable case law (GCR 1963, 516.6[4], now MCR 2.516[D][4]).

6. TRIAL — JURY INSTRUCTIONS — THEORY OF THE CASE — APPEAL.

Upon a proper request, a trial court shall give a party's written theory of the case or an edited version thereof which presents to the jury the material substance of the theory; at a minimum the trial court must include all legally relevant facts to a party's theory of recovery in its statement of a theory of the case; failure to do so is error; in general, where a party fails to object at trial to a court's failure to present its theory of the case, appellate review is precluded absent manifest injustice (GCR 1963, 516.7, now MCR 2.516[A][B]).

7. NEW TRIAL — APPEAL.

The grant or denial of a motion for a new trial on the basis that a jury's verdict is against the overwhelming weight of the evidence is within the sound discretion of a trial court; the

Court of Appeals affords deference to a trial court's decision because a trial court, having heard the witnesses, is in a better position to evaluate a jury's assessment of their credibility; the Court of Appeals will not substitute its judgment for that of a jury unless a review of the record reveals a miscarriage of justice.

8. EVIDENCE — HEARSAY — WITNESSES — IMPEACHMENT.

A trial court's erroneous admission of a hearsay statement offered in the course of impeachment of a witness does not require reversal where a witness has otherwise been properly impeached.

*Thomas J. Bertino,* for plaintiffs.

*Denenberg, Tuffley & Bocan* (by *Susan Tukel),* for defendant.

Before: R. S. GRIBBS, P.J., and HOOD and A. T. DAVIS,* JJ.

PER CURIAM. This case involves a personal injury action by plaintiffs, Ruth and Robert Cornforth, involving injuries Ruth sustained when she slipped and fell in a Farmer Jack's Supermarket owned by defendant, Borman's, Inc. At the jury trial, plaintiff Ruth Cornforth, age 50, testified that on Saturday, May 17, 1980, at about 4:30 p.m., her daughter dropped her off at the Farmer Jack's supermarket. According to her, it had been raining steadily all day. She entered the store by stepping on the black "electric eye mat" that opened the door. As she stepped onto the floor inside the store, she slipped and fell, sustaining several injuries to her legs, hip and head. She saw mud mixed with water on the tile floor where she fell.

Plaintiff Ruth Cornforth testified that she had been to the Farmer Jack's store on other occasions and had noticed a red mat placed in front of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

black entrance mat inside the store during rainy weather. On the day that she fell, the red mat was five or six feet away from the black mat. While the manager of the store was assisting her after the fall, she asked him why the red mat was not in its usual place. The manager said that four or five hundred people came into the store a day and it was impossible to keep the red mat where it belonged.

As Ruth Cornforth was in considerable pain, she sat in a chair near the manager's office for approximately half an hour after the fall. Then she purchased a few items in the store and left with her daughter.

The following Monday, two days after the fall, she went to see defendant's doctor, Dr. Poppa, at the manager's suggestion. Dr. Poppa became upset and told her to see her own doctor right away. Her left leg felt terrible, but she did not see a doctor for two days because she was in shock and did as the manager had told her to. She then saw her own doctor, and was hospitalized for four or five days, and wore a brace on her left leg for one year. At the time of the trial, she still experienced pain in her knee and hip, and because of the weakness in her left leg had trouble bending and would fall easily. She had difficulty doing household chores and was unable to work as she had done prior to the fall.

On cross-examination, Ruth Cornforth testified that she was wearing rubber shower thongs when she fell at the Farmer Jack's. She further testified that she had continued weakness in her left leg as a result of childhood polio. In addition, plaintiff had picked up a South American parasite while in Colombia in 1979 and was treated for it while she was in the hospital directly after the fall.

Donald Suida testified as follows. On the day

Ruth Cornforth fell, he was the manager of the Farmer Jack's supermarket in question. On rainy days, a red mat was normally placed inside the store one to six inches in front of the black mat. This would absorb some of the wetness from people's shoes as they entered. Employees would periodically mop the floor as necessary.

Suida's further testimony was as follows. Suida was told that someone had fallen in the store entrance. He then observed Ruth Cornforth kneeling on the floor picking up things that had fallen out of her purse. He helped Ruth Cornforth up and offered her a chair, where she sat for a few minutes. She complained about her left leg, indicating that it had been broken in the past. He offered the services of the company doctor and told her she could go to her own doctor or a hospital if she preferred. She indicated that she was a little sore but that she would wait and see how she felt later on. He claimed that she did not ask about the red mat. It was his responsibility to see that the red mat was in place. However, he could not recall the position of the red mat at the time Ruth Cornforth fell.

At the close of all proofs, the jury returned a verdict of no cause of action. Plaintiffs appeal as of right.

# I

Plaintiffs' first contention on appeal is that the trial court's failure to give any of the applicable and accurate standard jury instructions requested by plaintiffs mandates reversal. Plaintiffs' argument is predicated on GCR 1963, 516.6(2), now MCR 2.516(D)(2), which provides:

"Pertinent portions of Michigan Standard Jury In-

structions (SJI) published under authority of this sub-rule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

In *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 702-703; 227 NW2d 543 (1975), our Supreme Court sought to give teeth to the court rule by announcing the following strict standard for SJI errors:

"Where there is an omission of, or deviation from an applicable and accurate SJI [Standard Jury Instruction], prejudicial error will be presumed; provided that the erroneously omitted SJI was properly requested at trial; and, provided that in those cases where error is charged as a result of a deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."

This rule was reaffirmed in *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979). However, recently in *Johnson v Corbet,* 423 Mich 304; 377 NW2d 713 (1985), the Supreme Court reevaluated the automatic reversal rule and modified it. The Court noted that the purpose of the *Javis* rule was to force compliance with Rule 516.6(2) at a stage when some, if not many, trial judges were not yet regularly using the then relatively new SJIs. The Court then concluded that the goals sought to be accomplished by the *Javis* rule have largely been realized and that its "continued application is too often counterproductive of fairness". 423 Mich 324-325. Therefore, the Court announced a return to the harmless error standard set forth in GCR 1963, 529, now MCR 2.613A. Pursuant to GCR 1963, 516.6(2), a trial court is still duty bound to give a properly requested SJI where it determines, in its discretion, that the instruction is applicable. However, noncompliance with the rule is no longer

a basis for reversal unless the noncompliance resulted in "such unfair prejudice to the complaining party that the failure to vacate the jury verdict would be 'inconsistent with substantial justice' ". 423 Mich 327.

With this standard in mind, we now review plaintiffs' assignments of error. First, plaintiffs contend that the trial court erred in failing to give SJI2d 19.03, which provides:

"It was the duty of the possessor of the [land/premises/place of business] to exercise reasonable care for the protection of an invitee. [He/She] must warn the invitee of dangers of which [he/she] knows or has created, and must inspect the [land/premises/place of business] to discover possible dangerous conditions of which [he/she] does not know. [He/She] must take reasonable precautions to protect the invitee from dangers that are foreseeable.

"However, the possessor is not an insurer of the safety of an invitee, and [his/her] duty is only to exercise reasonable care for an invitee's protection. The mere existence of a defect or danger is not enough to establish liability unless it is shown to be of such a character or of such duration that it would have been discovered by a reasonably careful person."

The trial court instructed the jury in this regard as follows:

"Now, when a proprietor—and that's Borman's or any store—expressly or by implication invites others to enter his premises, whether for business or any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit. A storekeeper or proprietor is not an insurer of his customer's safety, but must use reasonable care to provide a reasonably safe place for them on his premises."

We conclude that the trial court's deviation from SJI2d 19.03 resulted in unfair prejudice to the plaintiffs and mandates reversal. Whether or not defendant was negligent was a crucial issue in this case. The requested SJI was applicable and an accurate statement of the law. See *Powers v Huizing,* 9 Mich App 437, 441-442; 157 NW2d 432 (1968). The trial court's instruction failed to include language concerning defendant's duty to warn of known dangers and to inspect the premises to discover dangerous conditions. While the question of defendant's duties was not made an issue in this case, it would be difficult if not impossible for the jury to accurately decide whether or not the defendant had breached its duties if those duties had not been set forth before the jury. See generally, *Moning v Alfono,* 400 Mich 425, 438; 254 NW2d 759 (1977). Therefore, the failure to include such language amounted to an incomplete and misleading statement of the law which substantially prejudiced the plaintiffs and was inconsistent with substantial justice.

We disagree with defendant that plaintiffs' failure to specifically inform the trial court of its deviation precludes appellate review of this error. In general, a party must object to the giving of an instruction before the jury retires for deliberation on the verdict and must specifically state the matter to which the objection is directed and the specific grounds for objection in order to preserve the assignment of error on appeal. GCR 1963, 516.2, now MCR 2.516(C). Absent such specific objections, allegations of instructional errors are reviewed on appeal only where a complaining party has suffered a manifest injustice. *Kotila v McGinty,* 28 Mich App 396; 184 NW2d 462 (1970).

In the case *sub judice,* the lack of a specific objection to this instruction appears to be the

result of the trial court's advice to plaintiffs' counsel to simply place on the record a general objection to the trial court's failure to give plaintiff's requested instructions in order to "save time". This streamlined procedure effectively short-circuited any specific objections that plaintiffs were prepared to make. Moreover, as we have indicated, we feel the deviations from this particular SJI amounted to an inaccurate statement of the law which severely prejudiced the plaintiffs and amounted to a manifest injustice. Therefore, we feel it is appropriate to reach the substantive merit of this issue on appeal.

Plaintiffs also contend that the court erred in failing to give SJI2d 50.10 (defendant takes plaintiff as it finds her) and SJI2d 50.04 (aggravation of preexisting condition as an element of damages). We note that the trial court did give SJI2d 50.11 (inability to determine extent of aggravation of injuries) and conclude that this instruction was more applicable to the case at bar and essentially subsumes the substance of SJI2d 50.04. We further find that SJI2d 50.10 was applicable and should have been given to the jury. However, this particular instruction goes to the issue of damages, an issue which was never reached by the jury in this case. Therefore, the absence of either of these alleged errors would not have changed the result and reversal on this basis is not required. See *Pelley v Peterbilt Motors,* 133 Mich App 664, 667; 350 NW2d 787 (1984).

Finally, plaintiffs assert error with regard to the trial court's failure to give SJI2d 4.01 (credibility of witnesses). After a review of the entire instructions, we conclude that the substance of SJI2d 4.01 was not adequately covered by the trial court. The jury was not instructed that a witness's testimony was to be evaluated in light of: (1) the witness's

ability and opportunity to observe; (2) the witness's memory; (3) the witness's manner while testifying; (4) the witness's interests, bias or prejudice; and (5) the reasonableness of the witness's testimony considered in light of all of the evidence.

In this case, plaintiffs' right to recovery hinged upon whether or not the jury chose to believe plaintiffs' version of the facts or defendant's. Thus, SJI2d 4.01 was not only applicable, it went to a critical issue in this case. Where such a clearly applicable and vital standard jury instruction is refused, we have no difficulty in determining that such an error is not consistent with substantial justice. Therefore, we conclude that the trial court's failure to give this properly requested instruction also compels vacation of the jury verdict.

Finally, plaintiffs list the following requested instructions, citing error in the trial court's refusal to include them in the charge to the jury: SJI2d 3.09 (jury to consider all of the evidence); SJI2d 3.11 (jurors may take into account ordinary experiences and observations); SJI2d 3.10 (circumstantial evidence); SJI2d 5.01 (impeachment of a witness, not a party, by a prior inconsistent statement); SJI2d 7.01 (issues for the jury and theories of the parties); SJI2d 50.08 (elements of damages—miscellaneous expense); and SJI2d 53.04 (interest as part of the damages). While some of these instructions may well be applicable, plaintiffs offer no arguments why these instructions were applicable nor how the fact that they were omitted prejudiced their case. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims." *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959). See also, *Beaumont v Brown,* 125 Mich App 464, 466; 336 NW2d 26 (1983); *Hull & Smith*

*Horse Vans, Inc v Carras,* 144 Mich App 712; 376 NW2d 392 (1985).

## II

Plaintiffs next contend that the trial court committed error when it failed to give one of plaintiff's requested nonstandard jury instructions. This instruction was taken verbatim from *Perry v Hazel Park Harness Raceway,* 123 Mich App 542, 546; 332 NW2d 601 (1983), in which the trial court instructed:

"I further charge you, members of the jury, that a proprietor of a building may be found negligent in failing to employ adequate slip-preventing devices in connection with common areas that have become slippery as a result of foreseeable tracking or accumulation of water. If you find from the evidence that a reasonably prudent person in the position of the defendant would have realized the benefits of such devices, and equipped the common areas with such devices, I instruct you that the proprietor of a building may be found negligent for failure to employ these devices, if you find that such devices would be of benefit insofar as safety is concerned." 123 Mich App 542.

GCR 1963, 516.6(4), now MCR 2.516(D)(4), permits a trial court to give instructions that are not included in the standard jury instructions. The trial court is obligated to grant written requests for additional jury instructions where the instructions properly instruct on applicable case law. The failure to do so is error. *Kovacs v Chesapeake & O R Co,* 134 Mich App 514, 530; 351 NW2d 581 (1984); *Device Trading, Ltd v Viking Corp,* 105 Mich 517, 522; 307 NW2d 362 (1981), *lv den* 414 Mich 960 (1982).

We conclude that the requested instruction was applicable and accurately stated the law. Issues in

this case included whether the defendant should have employed a slip-preventing device, *i.e.,* the red mat in the entrance way of the store, and if so, whether the defendant failed to do so. These are issues directly covered by the requested charge.

We also find that the omission of the charge was not harmless error in this case, given that the trial court also failed to accurately instruct on the general duty of a landowner to warn of known dangers and to inspect the premises. Therefore, this error also compels reversal.

### III

Plaintiffs next contend that the trial court's failure to present plaintiffs' theory of the case or an edited version thereof mandates reversal.

GCR 1963, 516.7, now MCR 2.516(A) and (B), provides that upon a proper request, the trial court shall give a party's written theory of the case or an edited version thereof which presents to the jury the material substance of the theory. In *Moody v Pulte Homes, Inc,* 423 Mich 150; 378 NW2d 319 (1985), our Supreme Court held that the court rule "requires the trial court to include in its statement of a party's theory of the case, at the minimum, all legally relevant facts to the party's theories of recovery". 423 Mich 167. Failure to do so is error. 423 Mich 167.

Initially, we note that plaintiff did not make this objection below. In general, where a party fails to object at trial to the court's failure to present the party's theory of the case, appellate review is precluded absent manifest injustice. GCR 1963, 516.7, now MCR 2.516(A) and (B). See also *Kotila v McGinty, supra.* Our review of the instructions in the instant case indicates that the trial court did not even minimally comply with the court rule by

instructing the jury concerning the legally relevant facts supporting plaintiffs' theory of recovery. This omission not only constitutes error but also resulted in a manifest injustice given the trial court's failure to properly instruct on the applicable law. Therefore, we reverse on this basis also.

IV

Plaintiffs also argue that the trial court erred in refusing to grant plaintiffs' motion for a new trial. The bases for plaintiffs' motion were that the jury verdict was against the overwhelming weight of the evidence and that plaintiffs were prejudiced by the failure of the trial court to give certain requested instructions.

We have already reversed the jury verdict based on the latter issue. However, we are not persuaded that the jury's verdict was against the great weight of the evidence.

It is within a trial court's sound discretion to grant or deny a motion for new trial on the basis that a jury's verdict was against the overwhelming weight of the evidence. *Wigginton v Lansing,* 129 Mich App 53, 60; 341 NW2d 228 (1983), *lv den* 419 Mich 880 (1984). This Court affords deference to a trial court's decision because a trial court, having heard the witnesses, is in a better position to evaluate a jury's assessment of their credibility. *May v Parke, Davis & Co,* 142 Mich App 404, 410; 370 NW2d 371 (1985); *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 623; 310 NW2d 15 (1981), *lv den* 413 Mich 874 (1982). "This Court will not substitute its judgment for that of the jury unless a review of the record reveals a miscarriage of justice." *May v Parke, Davis & Co, supra,* pp 410-411; *Groth v DeGrandchamps,* 71 Mich App 439, 446; 248 NW2d 576 (1976).

We note that again, plaintiffs have failed to do any more than assert a position on appeal and have not established any merit to their claim. See *Hull & Smith Horse Vans, Inc v Carras, supra.* However, our review of the record indicates that the verdict was not against the overwhelming weight of the evidence. Therefore, the trial court did not abuse its discretion in denying plaintiffs' motion for new trial on this ground.

## V

Plaintiffs' next argument is that the trial court erred in the admission of Suida's testimony as to the nonexistence of prior accidents. Plaintiffs did not object to the admission of this testimony at trial. Therefore, absent manifest injustice, appellate review is precluded. *Herring v Golden State Ins Co,* 114 Mich App 148, 157; 318 NW2d 641 (1982). Plaintiffs have failed to establish manifest injustice resulting from the challenged testimony and we will not further address this issue.

Plaintiffs' final argument is that the court erred in allowing defendant to ask plaintiff Ruth Cornforth on cross-examination whether her doctor at St. Joseph Hospital recommended that she be hospitalized for delusions. This alleged error was preserved for review by a continuing hearsay objection placed earlier on the record.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. MRE 801(C). Crucial to the determination of whether a statement is hearsay is the purpose for which the statement is offered. *People v Haney,* 86 Mich App 311, 316; 272 NW2d 640 (1978). The admission of out-of-court statements of persons is not improper as hearsay where the statements are introduced to prove that they were made, not to

prove the truth or falsity of the statements. *Matthews v Aluminum Acceptance Corp,* 1 Mich App 570; 137 NW2d 280 (1965).

In the case at bar, this statement was introduced to impeach plaintiff Ruth Cornforth's testimony by proving that she was hospitalized at St. Joseph's for the treatment of delusions, not the treatment of parasites as she had testified at trial. Therefore, the statement was offered for the truth of the matter asserted, and was hearsay and improperly admitted. However, in light of defendant's impeachment of Ruth Cornforth on several other points, we conclude that this error was harmless.

Reversed and remanded for a new trial.