WESTCOTT *v.* WADE.

1. ACTION—ACCRUAL—CONTRACT FOR SERVICES.

Where, in an action for the price of sawing certain lumber, plaintiff's testimony is open to the construction that the contract obligated defendant to pay the agreed price per thousand as fast as the lumber was sawed, the court cannot say, as a matter of law, that the action was prematurely brought, on the ground that, under the contract, plaintiff was obliged to wait for his pay until the lumber was inspected.

2. SAVING QUESTIONS FOR REVIEW— EXCESSIVE VERDICT—MOTION FOR NEW TRIAL—NECESSITY.

Where there is evidence to support the verdict rendered, the question of excessiveness cannot be considered, in the absence of a motion for a new trial raising the question.

Error to Iosco; Connine, J.  Submitted June 8, 1908. (Docket No. 43.)  Decided June 27, 1908.

Assumpsit by George Westcott against Reuben Wade for work and labor.  There was judgment for plaintiff, and defendant brings error.  Affirmed.

*Jahraus & Rawden*, for appellant.

*Albert W. Black*, for appellee.

Plaintiff and defendant entered into a verbal contract whereby the former was to saw certain lumber for the latter at $3 per thousand.  Plaintiff completed his contract and brought this suit and recovered a verdict and judgment for the balance remaining unpaid of $81.50.  Defendant asks us to reverse that judgment upon two grounds:

(1) That the suit was prematurely brought.

(2) That the verdict was excessive.

CARPENTER, J. (*after stating the facts*).  1. Was the suit prematurely brought?

Defendant contends that under the verbal contract testified to by plaintiff he had no right to pay until the lumber was inspected, and this suit was brought before that inspection. We answer this contention by saying that the testimony of plaintiff is certainly open to the construction that the contract obligated defendant to pay $3 per thousand as fast as the lumber was sawed. Plaintiff testified that defendant said, "as fast as you cut the lumber you will be paid the money." It cannot, therefore, be said, as a matter of law, that plaintiff was obliged to wait for his money until the lumber was inspected. We therefore overrule defendant's contention that this suit was prematurely brought.

2. Was the judgment excessive?

Defendant contends that it was, to the amount of $10.51. We content ourselves with saying that there was evidence from which the jury might find that the amount of the damages was $81.50. Perhaps they should have found a verdict for a smaller amount. If so, that question should have been raised by a motion for a new trial. It was not so raised and we cannot consider it.

Judgment affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.