WISE *v.* DANIEL.

1. ASSAULT AND BATTERY—TRIAL—INSTRUCTIONS—RIGHT TO RE-
SIST UNNECESSARY VIOLENCE.

> In an action by the conductor of an interurban car for
> personal injuries sustained by him when defendant shot
> him in the thigh after being ejected from the car for
> using profane and abusive language, there was no re-
> versible error in rejecting a requested instruction as to
> defendant's right to resist unnecessary violence in eject-
> ing him if he had expressed a willingness to leave where
> the subject was covered in the general charge.

2. SAME—CATEGORICAL DENIAL UNNECESSARY.

> It was not necessary for plaintiff to categorically deny
> defendant's claim that he offered to leave the car, if his
> testimony as a whole was to the effect that no such offer
> was made.

3. SAME—TRIAL—INSTRUCTIONS AS TO EXEMPLARY DAMAGES.

> Although the use of the words "added or cumulative
> damages" by the trial court in instructing the jury as
> to exemplary damages in a civil action for assault and
> battery, is not approved, the case will not be reversed
> therefor, on error, where it was made clear to the jury
> that such damages were limited to plaintiff's sense of
> outrage by reason of the malicious act of the defendant.

4. DAMAGES—EXEMPLARY DAMAGES—PUNITIVE DAMAGES.

> Exemplary damages are of necessity intangible in nature
> and therefore cannot well be considered apart from those
> matters which are capable of exact pecuniary valuation,
> and while they may enlarge the compensatory allowance,
> they are not to be considered as authorizing a separate
> sum by way of example or punishment.

5. ASSAULT AND BATTERY—MALICE TO BE CONSIDERED IN AWARDING
DAMAGES.

> If the defendant maliciously inflicted the injury, then the
> jury had a right to take into consideration such fact to-
> gether with all the circumstances disclosed, and award

On excessiveness of verdicts in actions for personal injuries
other than death, see note in L. R. A. 1915F, 30.

such sum by way of compensation as the plaintiff ought to receive and the defendant ought to be made to pay.

6. SAME — CIRCUMSTANCES AGGRAVATING BY REASON OF MALICE NEED NOT BE SPECIALLY PLEADED.

The accompanying circumstances aggravating the injury by reason of the wanton and malicious conduct of the defendant need not be specially pleaded for they are not substantive elements of damages, but only serve in the capacity of characterizing the acts complained of and as an aid in measuring compensation to be awarded.

7. DAMAGES—EXCESSIVE VERDICT.

A verdict of $2,500 for a flesh wound in the thigh with a pistol ball, where plaintiff was in a hospital for 17 days, and endured much pain and suffering, *held*, not excessive.

Error to Wayne; Hunt (Ormond F.), J. Submitted October 10, 1922. (Docket No. 72.) Decided December 5, 1922.

Case by Roy E. Wise against Charles Daniel for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lodge & Brown,* for appellant.

*Edwin J. Mercer,* for appellee.

WIEST, J. Defendant shot plaintiff in the thigh with a pistol ball, inflicting a flesh wound which laid him in a hospital for 17 days and caused him pain and suffering. This suit was brought to recover damages and plaintiff had verdict for $2,500. The case is here by writ of error.

Defendant claims the verdict is excessive; that the court erred in not instructing the jury as requested, in permitting recovery of exemplary damages, and in charging the jury with reference to such damages.

Plaintiff was a conductor on an interurban passenger car. Defendant wanted to take the car and when it did not stop he pursued it, aided by an automobile,

and upon overtaking and boarding the car was in a frame of mind to find out why the car had not stopped for him. Plaintiff referred defendant to the motorman, to whom he went and got no satisfaction. Plaintiff claims that defendant thereupon became abusive and indulged in obscene and profane language and refused to desist or leave the car and struck plaintiff, and thereupon plaintiff, with the aid of the motorman, ejected him from the car, and while plaintiff was on his way to re-enter the car defendant shot him. Defendant admitted the shooting but denied striking plaintiff and denied using abusive and profane language, and claimed he expressed his willingness to leave the car but was assaulted by plaintiff and the motorman, and the plaintiff seized that part of his person mentioned by Moses in Deut. 25, 11, causing him such anguish as to render him unaccountable for his subsequent actions. The verdict indicates that the jury rejected defendant's version of the affair.

We have examined the requests to charge, and under the charge find but two calling for discussion. Defendant testified that he told plaintiff he was not big enough to throw him off the car, and during the struggle said:

"Give me my grip and I will get off."

Defendant requested the following instruction:

"I charge you that if you find that defendant was angry and even abusive and profane to plaintiff and the motorman of said car, this would not justify plaintiff and other employees of the railroad company in committing an assault upon defendant in attempting to eject him from the car, if he, defendant, had previously expressed his willingness to leave peaceably; therefore if you find that after defendant had expressed his willingness to leave the car, plaintiff and the other employees of the railroad company persisted in using violence to eject him, I charge you that the use of such violence constituted an unlawful assault upon defendant, who was entitled to resist it with such

reasonable force as was necessary, in order to protect himself from bodily harm in repelling such assault."

There was no reversible error in not giving the request as we think the point involved was sufficiently covered in the following instruction:

"As I said, you are to find, *first*, Was the plaintiff the aggressor, or was the defendant the aggressor? If plaintiff was the aggressor,—understand when I say 'aggressor' it does not mean he was the first one to lay hand on him, that does not make the plaintiff the aggressor—but if he laid hands on him when he was not justified in doing so, as I have indicated, then plaintiff was the aggressor and cannot recover in this case.

"*Second*, if you find that plaintiff used more force than was necessary and by reason thereof he did put defendant in fear of his life or great bodily harm, and being in that state of mind and without any malice drew the gun merely for the purpose of scaring them off, and if while they were rolling and scuffling in that way the gun went off accidentally, as defendant has given some testimony tending to show, then and in that case plaintiff is not entitled to recover."

It is said the request should have been given because plaintiff did not deny defendant's testimony. It was not necessary for plaintiff to categorically deny defendant's claim that he offered to leave the car, if his testimony as a whole was to the effect that no such offer was made.

The court charged:

"If you find for the plaintiff on all the points as alleged in the declaration, you may find:

"*First*, actual damages, loss of wages which has been proven in the case and not disputed.

"*Second*, you may add a reasonable sum, in accordance with your best judgment, for pain and suffering; not so many dollars for so many hours of pain and suffering, but a fair, reasonable compensation, * * * in case you find the plaintiff's theory is correct.

"On this last proposition, if you do find that the defendant deliberately and premeditatedly drew the gun and shot him, you may give, besides actual damages, that is, loss of wages and pain and suffering, what are called added or cumulative damages; that is damages for outraged feelings by reason of the malice that goes with it, if you so find. But you are to give these added damages only in case he shot him deliberately after they separated, you see."

Defendant insists that this instruction gave the jury leave to award punitive damages. It is also claimed that the declaration made no claim of exemplary damages and, therefore, none could be awarded. Probably no more difficult subject confronts the *nisi prius* judge in this State than giving the jury instruction with reference to exemplary damages. We are not inclined to be overtechnical in considering this instruction. We do not approve of the term "added or cumulative damages," but feel the jury was left in no doubt as to the meaning when such damages were limited to plaintiff's sense of outrage by reason of the malicious act of defendant. Exemplary damages are of necessity intangible in nature and, therefore, cannot well be considered apart from those matters which are capable of exact pecuniary valuation. They may enlarge the compensatory allowance but they are not to be considered as authorizing a separate sum by way of example or punishment.

If a cow kicks a man in the face the consequent physical hurt may equal that from a kick in the face with a hob-nailed boot, but the "cussedness" of the cow raises no sense of outrage, while the malicious motive back of the boot kick adds materially to the victim's sense of outrage. If a man employs spite and venom in administering a physical hurt he must not expect his maliciousness to escape consideration when he is cast to make compensation for his wrong. If the defendant maliciously inflicted the injury then the

jury had a right to take into consideration such fact together with all the circumstances disclosed and award such sum by way of compensation as the plaintiff ought to receive, and the defendant ought to be made to pay.

The declaration sufficiently averred the nature of the acts on the part of the defendant authorizing exemplary damages. The accompanying circumstances aggravating the injury by reason of the wanton and malicious conduct of the defendant need not be specially pleaded for they are not substantive elements of damages, but only serve in the capacity of characterizing the acts complained of and as an aid in measuring compensation to be awarded.

The rule upon this subject is well stated in *Rogers* v. *Bigelow*, 90 Vt. 41 (96 Atl. 417), with citation of many cases.

"It is very generally held that in actions for intentional wrongs, such as trespass for assault and battery, damages are recoverable for mental suffering consisting in a sense of insult, indignity, humiliation or injury to the feelings.    *    *    *    This rule is well settled where the evidence shows that the plaintiff suffered physical injury as a result of the same wrong.    *    *    *

"The test undoubtedly is whether the mental suffering and injury to the feelings are natural and proximate in view of the nature of the act.    1 Sedg. on Dam., § 43j.    If so, the damage is general and recoverable without special allegations."

We have read this record and feel we would not be justified in setting the verdict and judgment aside on the ground that excessive damages were awarded.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.