## McFADDEN v. TATE.

1. ASSAULT AND BATTERY—INTOXICATING LIQUORS—EVIDENCE.
   Deputy sheriff's testimony in civil action for assault and battery as to conduct of defendants very shortly after fight with plaintiff truck driver at 3 a.m. was properly admitted for purpose of showing the effect of intoxicating liquor upon them as it bore on a material element in plaintiff's cause of action and his claim for damages for the alleged unprovoked and aggravated attack upon him.

2. SAME—DAMAGES—INSTRUCTIONS.
   Instruction to jury in civil action for assault and battery wherein trial judge stated that if jury determined the assault was without justification or reasonable excuse and that it was wilful, wanton and malicious, plaintiff was entitled to recover damages for necessary expenses, loss of wages, pain and suffering and "exemplary damages" was not error, where there was nothing in the charge to infer damages could be allowed by way of punishment, the emphasis having been placed on the matter of compensation.

3. SAME—DAMAGES—HUMILIATION.
   Plaintiff is entitled to compensation for the humiliation, sense of outrage, and indignity resulting from an assault and battery that is committed upon him wantonly and maliciously.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur, Assault and Battery § 150.
[2] 4 Am Jur, Assault and Battery § 187.
[3] 4 Am Jur, Assault and Battery §§ 183–185.
[5] 4 Am Jur, Assault and Battery § 197.
[6] 3 Am Jur, Appeal and Error § 246.

4. SAME—VERDICT—EVIDENCE—NEW TRIAL.

Claim that jury's verdict for plaintiff in civil action for assault and battery was against a clear preponderance of the proofs *held*, without merit under record showing material disagreement as to how the difficulty arose and what actually occurred in connection with the physical encounter; such matter not being properly before the Supreme Court anyway in the absence of a motion for new trial based on such ground so as to present it for consideration by the trial court.

5. DAMAGES—ASSAULT AND BATTERY—HOSPITAL EXPENSES—LOSS OF WAGES—HUMILIATION.

Verdict of $5,000 to plaintiff, victim of defendants' assault and battery, *held*, not excessive, where it appears he incurred $358 hospital and medical attendance bills, lost $840 in wages, and underwent surgery to restore his face to approximately its former condition and appearance, sustained permanent numbness in his face, pain and suffering and was entitled to recompense for the sense of indignity and humiliation resulting to him.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUBMISSION TO TRIAL COURT—PREPONDERANCE OF EVIDENCE—EXCESSIVE VERDICT.

Claims that verdict in civil action for assault and battery was against the clear preponderance of the evidence and excessive were not properly before the Supreme Court for consideration, where such matters were not submitted to the trial court for determination.

Appeal from Genesee; Gadola (Paul V.), J. Submitted September 16, 1957. (Docket No. 72, Calendar No. 47,466.) Decided October 7, 1957.

Trespass by Russell A. McFadden against Claude Tate, amended to Claude A. Tait, and Albert J. Shelby for damages arising from assault and battery. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Paul F. Coughlin (Philip C. Elliott*, of counsel), for plaintiff.

*Blackney & Cameron*, for defendants.

Carr, J. Plaintiff brought this action in the circuit court of Genesee county, seeking damages by way of compensation for injuries resulting from an alleged assault and battery committed on his person by defendants. The declaration filed in the cause alleged that in the early morning hours of September 5, 1955, on premises occupied by a restaurant located on Fenton road in said county, the defendants inflicted serious bodily injuries upon plaintiff and that they acted maliciously and intentionally in so doing. Plaintiff asserted that as a result he endured pain and suffering, both mental and physical, that he incurred certain expense in the treatment of his injuries, that a permanent physical impairment resulted, and that he was prevented for some time from carrying on his regular work as a truck driver. Plaintiff also alleged that the assault and battery was committed without any provocation on his part. Defendants by their answer averred in substance that plaintiff was the aggressor in the difficulty between the parties, and that any injury that they, or either of them, inflicted on his person was the result of efforts on their part to defend themselves.

Testimony introduced on the trial before a jury indicated that at approximately 3 o'clock in the morning of the date mentioned plaintiff and defendants were in a certain restaurant. It was the claim of plaintiff that defendants, who were strangers to him, sought to involve him in an argument, that he indicated to them that he did not wish to be disturbed, that the parties left the restaurant at approximately the same time, and that immediately following such leaving defendants assaulted him, defendant Tate striking him a hard blow in the face resulting in a severe fracture of certain bones with incident depression. As a result of the blow plaintiff fell or was knocked to the ground. Thereupon

the manager of the restaurant intervened for the purpose of preventing defendants, as it is claimed, from inflicting further injury on plaintiff.

The testimony of plaintiff on the trial, corroborated in many respects by that of the manager of the restaurant, indicated that the conduct of the defendants in the restaurant, and after leaving it, was such as to suggest that they were, to some extent at least, under the influence of intoxicating liquor. In this connection it may be noted that defendants, both of whom testified, admitted that they had been drinking, the amount of liquor consumed not being definitely fixed.

Defendants admitted on the trial that they approached the plaintiff in the restaurant and talked with him, claiming that they did so because, as they thought, he was laughing at them or at their conduct. So far as the physical encounter was concerned each claimed that plaintiff was the aggressor, and that the blow struck by defendant Tate, which resulted in severe injury to plaintiff, was delivered in self-defense. The jury accepted plaintiff's version as to the occurrence and returned a verdict in his favor in the sum of $5,000. Judgment was entered accordingly and defendants have appealed, alleging that prejudicial error was committed in the course of the trial.

Plaintiff called as a witness in his behalf a deputy sheriff of the county, who had gone to the scene in response to a telephone call. The officer testified in substance that as he reached the restaurant in question the defendants were driving away in an automobile, that he was informed as to the occurrence that had taken place, that he followed defendants in his car, that they drove at a high rate of speed, that he finally overtook and stopped them, and that he then and there placed the driver, defendant Shelby, under arrest. The witness further stated

that the other defendant got out of the car and ran, but finally returned after the officer had placed Shelby in the sheriff's car, and that defendant Tate then got into the car in which he and his companion had left the restaurant and drove away. The officer followed to the home of defendant Tate where, he claimed, said defendant made an assault on him striking him in the left eye. The officer further testified that both defendants were to some extent under the influence of intoxicating liquor, stating also that he saw no marks or injuries of any kind indicating that defendant Tate had been in a fight.

On the trial counsel for defendants objected to the testimony given by the deputy sheriff, claiming that it was incompetent and irrelevant. The matters of fact to which the testimony related occurred very shortly after the alleged attack on plaintiff. Proofs introduced on the trial indicated that defendants were at the time under the influence of intoxicating liquor and that their attitude toward plaintiff, culminating in their attack on him, resulted from, and was aggravated by, their condition in that respect. The testimony to which objection was made related to the matter of intoxication and to the effect on defendants of the liquor in which they had previously indulged. The proof bore on a material element in plaintiff's cause of action and his claim for damages for the alleged unprovoked and aggravated attack on his person. The trial court was not in error in allowing the testimony of the officer to be received.

In discussing the matter of damages in his charge to the jury the trial judge stated, in substance, that if the assault and battery was determined as occurring without justification or reasonable excuse, and to be "wilful, wanton and malicious," the plaintiff was entitled to recover damages for necessary expenses, loss of wages, pain and suffering, and "ex-

emplary damages." Further statements in the charge indicated that by the term exemplary damages was meant "just compensation" resulting from the sense of outrage, mortification, humiliation and indignity caused by the manner in which the attack was made. There is nothing in the charge from which the jury might have inferred that an allowance of damages could properly be made by way of punishment of the defendants. Rather, emphasis was placed on the matter of compensation. In this connection the jury was specifically told that:

"Now, sympathy plays no part in your deliberation in any manner. It is a hard and cold business proposition. Neither are you interested in punishing anyone. It is a matter of recompense for injuries sustained and that only."

Where an assault and battery is committed wantonly and maliciously plaintiff is entitled to compensation for the humiliation, sense of outrage, and indignity resulting therefrom. In *Wise* v. *Daniel,* 221 Mich 229, 233, 234, it was said in this regard:

"If a man employs spite and venom in administering a physical hurt he must not expect his maliciousness to escape consideration when he is cast to make compensation for his wrong. If the defendant maliciously inflicted the injury then the jury had a right to take into consideration such fact together with all the circumstances disclosed and award such sum by way of compensation as the plaintiff ought to receive, and the defendant ought to be made to pay."

The trial judge was not in error in advising the jury with reference to the computing of damages by way of compensation if the injury inflicted on plaintiff was determined to have been so inflicted maliciously, wilfully and wantonly.

It is urged that the verdict of the jury was against a clear preponderance of the proofs. The claim is not well-founded. The parties were in material disagreement as to how the difficulty arose and what actually occurred in connection with the physical encounter. It was for the jury to determine the facts and, as before noted, plaintiff's version of the occurrence was accepted. In such acceptance the jury was obviously within the scope of its prerogatives. It may be noted further in this connection that a new trial was not sought in circuit court on the ground now urged. It appears from the original record in the cause that appellants, following the entry of judgment, moved for a new trial, but such motion was based solely on the ground of the alleged error in the admission of the testimony of the deputy sheriff. Claim of appeal was filed by appellants without awaiting a determination of the motion. The docket entries set forth in the record indicate that thereafter the motion for a new trial and a companion motion for judgment notwithstanding the verdict were dismissed. Apparently neither motion was determined on the merits. Quite possibly the filing of the claim of appeal was considered to be a waiver of the pending motions. The record does not indicate that appellants are now in position to raise the question, not having properly presented it to the trial court. *Barrett* v. *Connecticut Fire Ins. Co.,* 195 Mich 209, 217; *Boran* v. *New York Life Ins. Co.,* 274 Mich 638, 642; *Riber* v. *Morris,* 279 Mich 344, 347. Furthermore, as above indicated, there is no merit in the claim.

On behalf of appellants it is further asserted that the verdict was excessive. The proofs on behalf of plaintiff on the trial disclose that he incurred expense by way of hospital and medical attendance in the sum of $358, and that his loss of wages amounted to $840. He was required to undergo surgery for

the purpose of restoring his face to approximately its former condition and appearance. He further stated that at the time of the trial he experienced a numbness in that portion of his face that had been injured. The testimony of the medical witness who had treated him indicated that such condition will probably be permanent. Plaintiff was entitled to reasonable compensation for pain and suffering undergone by him and, likewise, if the injury was maliciously and wantonly inflicted, for the sense of indignity and humiliation resulting to him. It does not appear that any incident occurred during the trial that might have unduly prejudiced the jury against defendants. The amount of damages constituting fair compensation was fundamentally for the trier of the facts. *Aho* v. *Conda,* 347 Mich 450, 455.

The claim that the verdict of the jury was excessive in amount was not submitted to the trial court. Such being the case it is not properly before us for consideration on appeal. *Brockmiller* v. *Industrial Works,* 148 Mich 642, 649; *Dice* v. *Sherberneau,* 152 Mich 601, 606 (16 LRA NS 765); *Westcott* v. *Wade,* 153 Mich 340, 341. There was evidence before the jury tending to support the verdict rendered. Appellants are not entitled to a new trial based on the amount of recovery.

We find no prejudicial error in the case, and the judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.