BAILEY v GRAVES

Docket No. 63604. Argued November 13, 1980 (Calendar No. 1).—
    Decided August 24, 1981. Rehearing denied 412 Mich 1101.

Dewitt Bailey brought an action against Richard Graves and
    Joseph Piersante, Detroit police officers, for assault and bat-
    tery. The plaintiff's neck was broken during a struggle with the
    police officers, who were executing a warrant to search for
    narcotics at an apartment where the plaintiff was a visitor. The
    Wayne Circuit Court, Charles Kaufman, J., instructed the jury
    on the issue of exemplary damages but failed to grant the
    defendants' request for a further instruction that exemplary
    damages may only be awarded on a finding of malice, or willful
    and wanton misconduct, or reckless carelessness or negligence
    of the defendants. The jury returned a verdict for the plaintiff
    with unapportioned damages of $225,000. The Court of Appeals,
    M. J. Kelly, P.J., and Bashara and R. B. Burns, JJ., affirmed in
    an unpublished per curiam opinion (Docket No. 76-2826). Defen-
    dants appeal.

    In a unanimous opinion by Justice Williams, the Supreme
    Court held:

    Exemplary damages may be awarded only where it is first
    shown that the defendant's conduct was malicious, or so willful
    and wanton as to demonstrate a reckless disregard of the
    plaintiff's rights. Therefore, the instruction to the jury in this
    case was erroneous. The fact that a tort is committed intention-
    ally does not mean that it was committed with malice or
    reckless disregard of the rights of others, or wantonly, as
    necessary to permit exemplary damages. The failure of the
    trial court to instruct the jury on the circumstances in which
    exemplary damages are properly recoverable seriously preju-
    diced the defendants because consideration whether the defen-
    dants acted maliciously or so willfully and wantonly as to
    demonstrate a reckless disregard of the plaintiff's rights might
    well have altered the resulting verdict. Because the verdict was

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 236-241, 249, 250.
[2] 6 Am Jur 2d, Assault and Battery §§ 187, 190.
    22 Am Jur 2d, Damages §§ 361, 362.

not apportioned, the tainted quantum of damages is unknown, and the question of damages must be retried.

Reversed and remanded for further proceedings.

1. DAMAGES — EXEMPLARY DAMAGES.

An award of exemplary damages is justifiable only where it is first shown that the defendant's conduct was malicious, or so willful and wanton as to demonstrate a reckless disregard of the plaintiff's rights.

2. DAMAGES — EXEMPLARY DAMAGES — INSTRUCTIONS TO JURY.

Failure to grant a request to instruct the jury in an action for assault and battery that exemplary damages may only be awarded on a finding of malicious or willful and wanton misconduct demonstrating a reckless disregard of the plaintiff's rights by the defendants seriously prejudiced the defendants and is reversible error where consideration of that issue might well have altered the resulting verdict for the plaintiff with unapportioned damages.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes, Jr.*), for plaintiff.

*George W. Crockett, Jr.,* Acting Corporation Counsel, *Sylvester Delaney,* Deputy Corporation Counsel, and *Hurticene Hardaway,* Assistant Corporation Counsel, for defendants.

WILLIAMS, J. The question presented in this civil action for assault and battery is whether the trial court erred in its instruction to the jury on exemplary damages, which failed to explain plaintiff's burden of proof and the standard of misconduct requisite for recovery of such damages.[1] We hold that the instruction given was deficient in those

---

[1] Defendants also claim relief on the theory that the trial court erroneously refused to give their proposed instructions XVI and XIX on self-defense. The Court of Appeals correctly ruled that this issue was not properly preserved below. *Hunt v Deming,* 375 Mich 581, 584; 134 NW2d 662 (1965). Furthermore the opinion recognized that, even if an objection proper in form had been made, "neither the evidence adduced at trial, nor the defendants' pretrial statement, pleadings, or written theory of the case submitted to the court raised the issue of self-defense".

particulars. *Wise v Daniel,* 221 Mich 229; 190 NW 746 (1922). Defendants are entitled to a properly instructed jury. Accordingly, we reverse and remand for retrial on the question of the amount of damages plaintiff suffered as a result of defendants' misconduct, without limitation to any particular element of such damages. *Winchester v Meads,* 372 Mich 593, 599; 127 NW2d 337 (1964).

### FACTS

On September 19, 1972, a search warrant for narcotics was executed on a Detroit apartment. Plaintiff's neck was broken during a struggle with two of the officers. This civil action for assault and battery followed.

At trial, plaintiff testified that he was visiting the apartment at the time of the raid. He reported that he surrendered immediately to the officers who forced the door. He said he was promptly handcuffed, and taken into a bedroom where he was beaten and thrown on his head; he was then taken into the living room where the beatings, this time with a claw hammer, continued. He denied any attempt to use force to defend himself; the only gun in the apartment, he testified, presumably remained in a kitchen drawer during the execution of the warrant.

The defendants' version of the events varied from the plaintiff's in every salient particular. Defendant Piersante testified that plaintiff was fleeing from the police toward the bedroom when he was tackled to prevent access to a gun, allegedly lying on the bed. He denied beating the plaintiff.

The trial court instructed the jury on exemplary

damages, as requested by the plaintiff, in the following language:[2]

"Now, in that connection, if you find for the plaintiff, you may consider the question of exemplary damages. Exemplary damages are defined as additional compensation to the plaintiff for humiliation, sense of outrage and indignity resulting from the defendants' actions, and for injuries to the plaintiff's feelings. Exemplary damages may not be awarded for the purpose of punishing a defendant. Such damages are an additional sum which are in your discretion and are designed to compensate the plaintiff for those elements which I have just mentioned."

The jury returned a verdict of $225,000 in favor of the plaintiff, without apportioning damages. The trial court subsequently denied motions for judgment notwithstanding the verdict and for new trial. The Court of Appeals affirmed.[3]

This Court granted leave to appeal on April 17, 1980. 408 Mich 894 (1980).

# I

The principal cases setting forth the grounds for exemplary damages are *Wise v Daniel, supra,* and

---

[2] The instruction requested by defendants read:

"If you find for the plaintiff, you may consider the question of exemplary damages. Exemplary damages are to compensate the plaintiff for humiliation, embarrassment, and the sense of outrage, resulting from the defendants' actions. *The right to recover exemplary damages* is not based on punishing the defendant but *must arise out of the outrageous nature of the act by the defendant. Such exemplary damages are only recoverable if plaintiff has proven, by a preponderance of the evidence, malice, or willful or wanton misconduct, carelessness or negligence by the defendant; negligence so great as to indicate a reckless disregard of the rights or safety of others. If plaintiff has not proven such outrageous conduct on the part of the defendant, he may not recover exemplary damages."* (Emphasis added.)

[3] Unpublished opinion, July 16, 1979, Docket No. 78-2826.

*McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957). The instruction given by the judge in *Wise* read:

"On this last proposition, if you do find that the defendant deliberately and premeditatedly drew the gun and shot him, you may give, besides actual damages, that is, loss of wages and pain and suffering, what are called added or cumulative damages; that is damages for outraged feelings by reason of the malice that goes with it, if you so find. But you are to give these added damages only in case he shot him deliberately after they separated, you see." 221 Mich 233.

Reviewing this instruction, our Court stated:

"We * * * feel the jury was left in no doubt as to the meaning when such damages were limited to plaintiff's sense of outrage by reason of the malicious act of defendant. * * *

"If a cow kicks a man in the face the consequent physical hurt may equal that from a kick in the face with a hob-nailed boot, but the 'cussedness' of the cow raises no sense of outrage, while the malicious motive back of the boot kick adds materially to the victim's sense of outrage. If a man employs spite and venom in administering a physical hurt he must not expect his maliciousness to escape consideration when he is cast to make compensation for his wrong. If the defendant maliciously inflicted the injury then the jury had a right to take into consideration such fact together with all the circumstances disclosed and award such sum by way of compensation as the plaintiff ought to receive, and the defendant ought to be made to pay." 221 Mich 233-234.

Similarly, in *McFadden,* this Court approved the trial judge's instruction which required the jury to find malice, saying:

"In discussing the matter of damages in his charge to

the jury the trial judge stated, in substance, that if the assault and battery was determined as occurring without justification or reasonable excuse, and to be 'wilful, wanton and malicious', the plaintiff was entitled to recover damages for necessary expenses, loss of wages, pain and suffering, and 'exemplary damages'.

\* \* \*

"The trial judge was not in error in advising the jury with reference to the computing of damages by way of compensation if the injury inflicted on plaintiff was determined to have been so inflicted maliciously, wilfully and wantonly." 350 Mich 88-89.

These cases stand for the proposition that an award of exemplary damages is justifiable only where it is first shown that defendant's conduct was malicious, or so willful and wanton as to demonstrate a reckless disregard of the plaintiff's rights.

## II

In the instant case, the trial court failed to charge the jury, in accordance with defendants' request, that a determination of malicious or willful and wanton conduct on the part of the defendants was a *sine qua non* to the award of exemplary damages. This was error. Furthermore the plaintiff is not correct in asserting that, when the trial judge instructed the jury on the issue of liability that the tort was *intentional,* that the required malice, fraud or willful and wanton conduct on the part of the defendant to establish entitlement to exemplary damages was adequately covered. The fact that a tort is committed intentionally does not mean that it was committed with malice or reckless disregard of the rights of others, or wantonly, as necessary to permit exemplary damages. In addition, to hold the contrary would

be to permit exemplary damages in most assaults, for example, which obviously is not what exemplary damages are intended for.

We noted in *Rouse v Gross,* 357 Mich 475, 481-482; 98 NW2d 562 (1959), that "[t]he error which calls for a new jury trial is one of such significance as to have prejudiced the result * * * without which * * * the result might well have been different". (Citations omitted.)

The trial court in this case erred in failing to define the circumstances in which exemplary damages are properly recoverable. This error seriously prejudiced defendants, since it permitted the jury to award exemplary damages without consideration of the factors which must be present to justify such an award. Consideration of those factors— whether defendants acted maliciously or so willfully and wantonly as to demonstrate a reckless disregard of plaintiff's rights—might well have altered the resultant verdict.

## CONCLUSION

Defendants are entitled to a properly instructed jury. The trial court erred reversibly by failing to inform the jury of the conduct which is a necessary precursor to recovery of exemplary damages.

Since the verdict was not apportioned, the tainted quantum of plaintiff's damages is unknown. Accordingly, we reverse and remand for retrial of the question of the amount of damages plaintiff suffered as a result of this assault and battery, without limitation as to any particular element of such damages.

Costs to abide final results.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.