GETMAN v MATHEWS

Docket No. 58062. Submitted January 6, 1983, at Detroit.—Decided
March 24, 1983.

Mark H. Getman, treasurer of Mathews Ambulance Service, Inc.,
brought an action in St. Clair Circuit Court seeking dissolution
of the corporation, an accounting and injunctive relief. Named
as defendants were Donald D. Mathews and Anna M. Mathews.
The Mathewses filed a counter-complaint, alleging breach of
contract and intentional interference with their business by
Getman. A jury returned a verdict of $54,972 against Getman
on the Mathewses' counterclaim. Getman moved for a new
trial, which was denied, and judgment was entered, Peter E.
Deegan, J. Getman appeals. *Held:*

1. Even in the absence of an objection in the trial court to
the jury instructions as given, the Court of Appeals may review
claims of error with respect to such instructions where there is
a showing of manifest injustice. Manifest injustice is shown
where the instructions as given incorrectly stated the law and
the jury's verdict may have been based on that misconception
of the law.

2. The failure of the trial court to define the term "inten-
tional" as it related to a claim based on intentional interfer-
ence with the business, the court's failure to instruct the jury
that the interference with the business must not only be
intentional but also unjustified, and the court's instructions on
negligence and contributory negligence were improper and
resulted in manifest injustice.

3. It was error for the trial judge to instruct the jury on
exemplary damages, since the claims of the Mathewses were
based upon their commercial dealings with Getman and, as
such, exemplary damages were not available. Even if exem-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 810, 813, 816, 891-894.
[2] 57 Am Jur 2d, Negligence §§ 298-302.
   75 Am Jur 2d, Trial §§ 614, 615, 701.
[3] 22 Am Jur 2d, Damages §§ 1, 236, 361, 362.
[4] 22 Am Jur 2d, Damages §§ 249, 250.
[5] 22 Am Jur 2d, Damages § 174.

plary damages were appropriate, the trial judge failed to instruct the jury on the prerequisites for awarding exemplary damages.

4. Damages for lost profits under these circumstances would be based upon net profits rather than gross profits. It, therefore, was error for the trial court to fail to define lost profits and to fail to distinguish between net profits and gross profits.

5. Given the degree to which the trial court's instructions as to liability and damages were erroneous, reversal and remand for a new trial is mandated in the present case.

Reversed and remanded.

1. APPEAL — JURY INSTRUCTIONS — STANDARD OF REVIEW — MANIFEST INJUSTICE.

The Court of Appeals may review allegations of error by a trial court in its instructions to the jury, even in the absence of an objection at trial to those jury instructions, upon a showing that the instructions as given resulted in manifest injustice; manifest injustice is shown where the instructions given by the trial court incorrectly stated the law and the jury's verdict may have been based on a misconception of the law.

2. TRIAL — JURY INSTRUCTIONS — INTERFERENCE WITH BUSINESS OPPORTUNITIES.

It is error for a trial court in instructing the jury on a claim for tortious interference with a business to fail to define for the jury the term "intentional", to fail to instruct the jury that the interference with the business must be not only intentional but also unjustified, and to instruct the jury on the elements of negligence and contributory negligence.

3. DAMAGES — INTERFERENCE WITH BUSINESS OPPORTUNITIES — EXEMPLARY DAMAGES — JURY INSTRUCTIONS.

One who commits the tort of intentional interference with the business of another is liable only for pecuniary damages; accordingly, it is error to instruct the jury with respect to a claim of intentional interference with a business that they may award exemplary damages for mental distress, embarrassment, humiliation and other nonpecuniary damages.

4. DAMAGES — EXEMPLARY DAMAGES.

An award of exemplary damages is justifiable only where it is first shown that the defendant's conduct was malicious or so wilful and wanton as to demonstrate a reckless disregard of the plaintiff's rights.

5. DAMAGES — LOSS OF BUSINESS OPPORTUNITIES — NET PROFITS —
  GROSS PROFITS.
    Damages for lost profits in an action based upon breach of
    contract and intentional interference with the operation of a
    business, where the breach of contract or the interference with
    business opportunities allegedly caused a loss of business and a
    consequent loss of profits, are based upon the loss of net profits
    rather than gross profits.

*Lauck, Leto & Cavanaugh, P.C.* (by *Thomas J. Cavanaugh*), for plaintiff and counter-defendant.

*Huegli & Parrish* (by *Sharon Parrish*), for defendants and counter-plaintiffs.

Before: J. H. GILLIS, P.J., and D. F. WALSH and N. J. KAUFMAN,* JJ.

PER CURIAM. Mark H. Getman, plaintiff in an action for corporate dissolution below, was also named by Donald and Anna Mathews as counter-defendant in their counterclaim for breach of contract and tortious interference with their ambulance business. The jury entered a verdict against Getman on the counterclaim in the amount of $54,972. Getman brought a motion for a new trial, which was denied. Getman appeals as of right the judgment on the jury verdict and the trial court's order denying his motion for a new trial.[1] We reverse and remand for a new trial based on the trial court's erroneous jury instructions.

Despite the fact that there was no objection to the instructions at trial, this Court may review Getman's claim of error upon a showing of manifest injustice. *Bluemlein v Szepanski,* 101 Mich

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Getman's original claim for corporate dissolution is not the subject of this appeal. The appeal relates solely to the trial on the Mathewses' counterclaim.

App 184, 191; 300 NW2d 493 (1980), *lv den* 411 Mich 995 (1981). In *Bluemlein, supra,* this Court held that manifest injustice is shown where the jury instructions "incorrectly stated the law, and the jury's verdict may have been based on a misconception of the law".

In the present case, the court's instructions were highly confusing and replete with inappropriate references to liability theories which had neither been pled nor proven. The court failed to define certain terms essential to the theory of liability pleaded and argued by the Mathewses at trial, that being the tort of intentional interference with business relations. The court failed to define the term "intentional" for the jury and further failed to apprise the jury of the necessity of proving that the alleged interference with the Mathewses' ambulance business was not only intentional but also unjustified. See *Schipani v Ford Motor Co,* 102 Mich App 606, 621; 302 NW2d 307 (1981), citing Restatement Torts, 2d, § 766B, p 20. Instead of explaining the elements of the intentional tort involved in this case, the court repeatedly referred to the elements of negligence, a theory which was neither pled nor proven at trial. Compounding the court's confusion of legal theories was its highly inappropriate reference to the defense of contributory negligence, a doctrine which had already been abolished in Michigan by the time of trial. See *Placek v Sterling Heights,* 405 Mich 638, 667; 275 NW2d 511 (1979). In short, the court's instructions as to liability were erroneous and may well have led the jury to enter its verdict based upon a misconception of the law. *Bluemlein, supra.*

The court's instructions as to damages were equally erroneous. The court openly invited the jury to award exemplary damages, such as those

for "mental distress, embarrassment, humiliation", and other nonpecuniary damages. This contravened the well-established rule that one who commits the tort of intentionally interfering with another's business relations is subject to liability for "pecuniary damages". See Restatement Torts, 2d, § 766B, p 20. Exemplary damages are ordinarily inappropriate in commercial contexts such as the present one. *Cf. Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980).

Even if this Court were to accept the Mathewses' premise that exemplary damages could properly have been awarded in the present case—which we specifically decline to do—the trial court's instructions relating to such damages were so erroneous as to mandate reversal. The court failed to inform the jury of the prerequisites for awarding exemplary damages. In *Bailey v Graves,* 411 Mich 510, 513; 309 NW2d 166 (1981), the trial court defined exemplary damages as " 'additional compensation to the plaintiff for humiliation, sense of outrage and * * * injury to the plaintiff's feelings' ". The Supreme Court held that such damages may only be awarded "where it is first shown that defendant's conduct was malicious, or so wilful and wanton as to demonstrate a reckless disregard of the plaintiff's rights". *Bailey, supra,* p 515.

In the instant case, the trial court did not instruct the jury as to the malice requirement for exemplary damages. Absent this crucial instruction, the jury's verdict may well have included an amount for exemplary damages which was based upon the misconception that the Mathewses were not required to show malice. Since the verdict was not apportioned, any tainted quantum of damages

is unknown. Under similar circumstances, the Court in *Bailey, supra,* reversed and remanded for a new trial.

There is one final aspect in which the court's instructions as to damages were erroneous. The court failed to define the term "lost profits", neglecting to distinguish between "gross profits" and "net profits". Damages for lost profits must be based on the loss of net, rather than gross, profits. *Lawton v Gorman Furniture Corp,* 90 Mich App 258; 282 NW2d 797 (1979). Since counsel for the Mathewses had emphatically argued for an award of "gross profits" during closing arguments, the court's failure to clarify the meaning of the term "profits" could well have left the jury with a false impression of the proper method for computing damages. Standing alone, the court's failure to properly define "profits" was an error comparable to that found reversible in *Bluemlein, supra.* Given the degree to which the trial court's instructions as to liability and damages were erroneous, reversal is even more appropriate in the present case.

It is not necessary to review Getman's remaining contentions that he was denied a fair tral by the misconduct of the Mathewses' counsel and that the verdict was against the great weight of the evidence.

Reversed and remanded for a new trial.