WHITE v CITY OF VASSAR

Docket Nos. 82417, 83694. Submitted November 18, 1985, at Lansing.
Decided January 20, 1987.

Plaintiff, Christopher White, was allegedly injured when he was
beaten during the course of his arrest by defendant Gary
Churcott, a City of Vassar police officer. Plaintiff brought an
action for damages against the city and Churcott in the Tuscola
Circuit Court alleging a battery against Churcott and causes of
action against the city for negligence in the hiring and training
of Churcott and for liability under respondeat superior. The
court, W. Wallace Kent, Jr., J., granted a judgment for plaintiff
on a jury verdict against Churcott and a directed verdict in
favor of the city on the basis of governmental immunity and
then denied plaintiff's motion for a new trial on the claims
against the city. The court also denied a motion by defendant
Churcott for judgment notwithstanding the verdict, new trial or
remittitur. Churcott appealed. Plaintiff appealed the denial of a
new trial. The appeals were consolidated by the Court of
Appeals.

The Court of Appeals *held:*

1. The hiring and training of police is a governmental func-
tion and claims for negligence therein are barred by govern-
mental immunity.

2. A governmental agency can be held vicariously liable only
when its officer, employee or agent, acting during the course of
employment and within the scope of his authority, commits a
tort while engaged in an activity which is nongovernmental or

REFERENCES

Am Jur 2d, Appeal and Error §§ 126, 623, 937-943.

Am Jur 2d, Damages §§ 240, 361, 362.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 85-90.

Am Jur 2d, New Trial §§ 139, 212, 213.

Am Jur 2d, Public Officers and Employees §§ 358-364.

Recovery of exemplary or punitive damages from municipal corpo-
ration. 1 ALR4th 448.

Peace officer's civil liability for death or personal injuries caused by
intentional force in arresting misdemeanant. 83 ALR3d 238.

See also the annotations in the Index to Annotations under Appeal
and Error.

proprietary, or which falls within a statutory exception. Since Churcott was not acting within the scope of his authority, plaintiff may not recover from the city on the basis of respondeat superior.

3. Individual governmental employees will be immune from tort liability only if they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary as opposed to ministerial acts. Since Churcott was not acting within the scope of his authority, governmental immunity does not extend to him.

4. The verdict against Churcott was not against the great weight of the evidence nor did it shock the judicial conscience. Further, the allegations of error at trial by Churcott were found to be unsubstantiated.

Affirmed.

1. GOVERNMENTAL IMMUNITY — POLICE — NEGLIGENCE.

An action for damages caused by a city's negligence in the hiring and training of police officers is barred by governmental immunity.

2. TORTS — RESPONDEAT SUPERIOR — GOVERNMENTAL AGENCIES.

A governmental agency can be held vicariously liable only when its officer, employee or agent, acting during the course of employment and within the scope of his authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception.

3. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES.

Individual governmental employees will be immune from tort liability only if they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary as opposed to ministerial acts.

4. NEW TRIAL — APPEAL.

The grant or denial of a motion for a new trial is within the discretion of the trial court; the standard of review of the decision is whether the jury's verdict was against the great weight of the evidence, and the reviewing court will give deference to the trial judge's decision and will not substitute its judgment for that of the jury unless a review of the record reveals a miscarriage of justice.

5. APPEAL — REMITTITUR.

The Court of Appeals will reverse a trial judge's decision to grant

or deny remittitur only if there was an abuse of discretion; remittitur should be granted where the verdict has been secured by improper methods, prejudice or sympathy, or where it is so excessive as to shock the judicial conscience.

6. Appeal — Jury Instructions — Preserving Question — Court Rules.

A party may not assign as error the failure to give an instruction where he does not object on the record before the jury retires to consider the verdict (MCR 2.516[C]).

7. Jury — Voir Dire — Appeal.

The purpose of voir dire is to provide counsel an opportunity to obtain sufficient information upon which to develop a rational basis for excluding prospective jurors whether for cause or by peremptory challenge; the scope of voir dire examination of jurors is within the discretion of the trial judge and his decision will be set aside only where there is an abuse of discretion.

8. Damages — Exemplary and Punitive Damages — Jury Instructions.

While both types of damages compensate for injured feeling, exemplary and punitive damages pick up where actual damages leave off by in effect compensating the plaintiff for injured feelings attributable solely to the egregiousness of defendant's conduct; to avoid confusing these two components of mental injury damages, thereby leaving open the possibility of double recovery for the same element, instructions should be formulated to specify both actual damages for injured feelings and exemplary and punitive damages for incremental injury to feelings, with a direction to the jury permitting them to increase the actual damages award with exemplary and punitive damages only if the required elements are established.

*Thomas D. Abbey,* for plaintiff.

*Davidson, Breen & Doud, P.C.* (by *John Davidson*), for defendants.

Before: T. M. Burns, P.J., and D. E. Holbrook, Jr., and J. D. Payant,* JJ.

Per Curiam. Plaintiff appeals as of right from the order entered in circuit court granting defen-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

dant City of Vassar's motion for a directed verdict on the basis that plaintiff's claim against the city was barred by governmental immunity. Defendant police officer Gary Churcott appeals as of right from the judgment entered on the jury verdict in favor of plaintiff for $17,000 in damages for injuries suffered by plaintiff as a result of an alleged battery committed by Churcott. The appeals were consolidated. We affirm as to each.

The events out of which these actions arose occurred on July 3, 1982, when defendant Churcott allegedly beat plaintiff about the back of the head. On that day plaintiff and three other young men, newly graduated from high school, went for a ride. The driver of the vehicle was speeding through the City of Vassar and was soon followed by a police car driven by defendant Churcott and his partner, Officer Oprea. A high-speed chase ensued, ending outside of town on a private farm owned by one Decoe. Three of the boys jumped out of the car and ran. The officers gave chase and Churcott caught plaintiff near a shed on the property. Evidence concerning what happened thereafter is disputed. According to plaintiff, Churcott handcuffed plaintiff from behind, put him against the police car and struck the back and sides of plaintiff's head approximately fifteen times. Churcott then ordered plaintiff to turn around so that he could hit him in the face and then pushed plaintiff to the ground.

Churcott testified that he brought plaintiff over to the police cruiser and ordered him to place his hands on it so that he could be frisked. Plaintiff struggled and Churcott wrestled plaintiff to the ground. Churcott placed his knee in plaintiff's back and handcuffed him. Churcott then ordered plaintiff into the police cruiser.

Eventually, plaintiff was released and the following day was taken to the hospital by his father

because he exhibited lumps on the back of his head. This testimony was corroborated by a nurse at the hospital. Plaintiff was then examined, x-rayed and released.

Plaintiff brought suit against the City of Vassar and Churcott. Trial took place and at the end of plaintiff's proofs the city's motion for directed verdict was granted. Churcott also moved for directed verdict but his motion was denied. The jury found Churcott liable and awarded plaintiff $17,-000 in damages. Following trial, plaintiff's motion for a new trial as to the city was denied. Churcott's motions for judgment notwithstanding the verdict, new trial or remittitur were denied.

Plaintiff's only claim on appeal is that the trial court erred by granting defendant City of Vassar's directed verdict motion. We disagree.

First plaintiff contends that the city was negligent in hiring and training its police officers and is therefore liable for Churcott's negligent actions. We find that protecting the safety of the city's citizens by hiring and training police officers is a governmental function. Maintaining a police force is expressly or impliedly authorized by law, *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 625; 363 NW2d 641 (1984), and hence plaintiff's negligence claim against the city is barred. The directed verdict was therefore appropriate.

Plaintiff also contends that the city was liable under the doctrine of respondeat superior. Under this theory, a governmental agency can be held vicariously liable only when its officer, employee or agent, acting during the course of employment and within the scope of his authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception. *Ross, supra,* p 625. We find that Officer Churcott was not acting within the

scope of his authority when he beat plaintiff about the head with his fists. Therefore, the city is not liable under this theory. Accordingly, the directed verdict was proper on this basis as well.

Defendant Churcott's first allegation of error is that the trial court erred in denying his motion for directed verdict. We disagree.

Individual governmental employees will be immune from liability only if they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary as opposed to ministerial acts. *Ross, supra,* pp 633-634. As we noted above, defendant Churcott was not acting within the scope of his employment when he beat plaintiff. Accordingly, he was not immune from liability and denial of his motion for directed verdict was appropriate.

Defendant Churcott next contends that the jury verdict was against the weight of the evidence or was so excessive as to warrant remittitur. Defendant's motions for judgment notwithstanding the verdict, a new trial or remittitur were denied by the trial court.

It is within the trial court's sound discretion to grant or deny a motion for a new trial on the basis that a jury's verdict was against the overwhelming weight of the evidence. *Wigginton v City of Lansing,* 129 Mich App 53, 60; 341 NW2d 228 (1983), lv den 419 Mich 880 (1984); *Cornforth v Borman's Inc,* 148 Mich App 469, 482; 385 NW2d 645 (1986). This Court affords deference to a trial court's decision because a trial court, having heard the witnesses, is in a better position to evaluate a jury's assessment of their credibility. *Cornforth, supra; Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 623; 310 NW2d 15 (1981), lv den

413 Mich 874 (1982). This Court will not substitute its judgment for that of the jury unless a review of the record reveals a miscarriage of justice. *Cornforth, supra; May v Parke, Davis & Co,* 142 Mich App 404, 410-411; 370 NW2d 371 (1985).

With respect to Churcott's motion for remittitur, this Court will reverse a trial court's decision to deny remittitur only if there has been an abuse of discretion. *Gillespie v Bd of Tenant Affairs of the Detroit Housing Comm,* 122 Mich App 699; 332 NW2d 474 (1983), lv den 417 Mich 1100.37 (1983); *VanReken v Allstate Ins Co,* 150 Mich App 212, 221; 388 NW2d 287 (1986). Remittitur should be granted when the verdict has been secured by improper methods, prejudice or sympathy or when it is so excessive that it shocks the judicial conscience. *VanReken, supra.*

Our review of the record indicates that the verdict was not against the weight of the evidence. Testimony was elicited and corroborated at trial that plaintiff had lumps on the back of his head following the incident. When plaintiff was placed in the back of the police cruiser, another boy placed there with him stated that plaintiff was crying and appeared to be in pain. Although defendant Churcott's witness, Decoe, owner of the farm, testified that defendant did not strike plaintiff, this testimony was successfully impeached on the basis that Decoe and Churcott were longtime friends. We will not substitute our judgment for that of the jury when we find no miscarriage of justice. We do not find that the verdict was secured by any improper methods. In view of plaintiff's physical injuries, mental anguish and pain and suffering we do not find that the verdict was so excessive as to shock our conscience.

Defendant Churcott next contends that plaintiff's counsel improperly prejudiced the jury in his

closing argument by asking the jury to send a message to the community and police officers by their verdict. Although defendant's objection to these remarks was sustained, defendant neither made a motion for a mistrial nor requested a curative instruction when the objected-to comments were made. A party may not assign as error the failure to give an instruction where he does not object on the record before the jury retires to consider the verdict. MCR 2.516(C). Accordingly, review by this Court is precluded. *Koepel v St Joseph Hospital,* 381 Mich 440, 443; 163 NW2d 222 (1968).

Defendant Churcott next contends that the summary of the case given by plaintiff's counsel during his voir dire examination of prospective jurors prejudiced the jury. We disagree.

The purpose of voir dire is to provide counsel an opportunity to obtain sufficient information upon which to develop a rational basis for excluding prospective jurors. *Karth v Braunstein,* 89 Mich App 119, 120; 279 NW2d 596 (1979); *Krzysiak v Hinton,* 104 Mich App 134, 139-140; 304 NW2d 823 (1981). The scope of voir dire is within the discretion of the trial judge and his decision will be set aside only where there is an abuse of that discretion. *Krzysiak, supra,* p 140. We do not find that the trial judge abused his discretion here. Basically, plaintiff's counsel told the jury that plaintiff claimed he was hit on the head by defendant, that defendant was employed by the City of Vassar, and that defendant was uncertified as a police officer because he had not had the requisite training. We find this to be merely a statement of undisputed facts so that the jurors would be apprised of the nature of the case and enabled to be better equipped to answer counsel's voir dire questions. We do not find this summary to be prejudi-

cial. Accordingly, we conclude that the trial judge did not abuse his discretion in allowing plaintiff's counsel to proceed in this manner.

Defendant Churcott's final claim of error is that the trial court's instructions to the jury were so erroneous in three respects as to be prejudicial. First, defendant alleges that the charge given on compensatory damages impermissibly overlapped with the instruction on exemplary damages since both instructions cover the elements of physical pain and suffering, mental anguish, fright and shock, outrage and indignity.

The trial court instructed the jury on actual and exemplary damages in the following language:

> If you decide that the Plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates him for each of the elements of damage which you decide has resulted from the negligence of Defendant taking into—or the battery that the—the misconduct of Defendant taking into account the nature and extent of the injury. You should include each of the following elements of damage which you decide has been sustained by the Plaintiff at the present time: The physical pain and suffering, mental anguish, fright and shock, embarrassment, humiliation or mortification which may have been suffered by him. Whether any of these elements have been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture.
>
> The amount of money to be awarded for certain of these elements of damages cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate Plaintiff for his damages and not to punish the Defendant.
>
> If you find in favor of the Plaintiff, you may award him exemplary damages in addition to compensatory damages. Exemplary damages are com-

pensatory in nature and compensate for humilia-
tion, sense of outrange [sic] and indignity from
injuries that are maliciously, willfully and wan-
tonly inflicted. The reprehensibility of Defendant's
conduct gives birth to additional damages for
harm done to Plaintiff's feelings. Exemplary dam-
ages are justifiable only where it has been shown
that the Defendant's conduct was malicious or so
willful and wanton as to demonstrate a reckless
disregard of Plaintiff's rights.

While we acknowledge that in *Veselenak v
Smith,* 414 Mich 567; 327 NW2d 261 (1982), the
Supreme Court stated that actual damages and
exemplary damages in the medical malpractice
context necessarily overlap, we note that *Peisner v
Detroit Free Press, Inc,* 421 Mich 125; 364 NW2d
600 (1984), examining exemplary damages in a
libel context, is more directly on point with the
intentional tort at issue herein. In *Peisner,* the
Court more clearly distinguished between actual
and exemplary damages and the context in which
both could be awarded:

Thus, while both types of damages do indeed
compensate for injured feelings, exemplary and
punitive damages pick up where actual damages
leave off by in effect compensating the plaintiff for
injured feelings attributable solely to the egre-
giousness of defendant's conduct. To avoid confus-
ing these two components of mental injury dam-
ages, thereby leaving open the possibility of double
recovery for the same element, we urge that in-
structions be formulated to specify *both* "actual"
damages for injured feelings and "exemplary and
punitive" damages (for incremental injury to feel-
ings), with a direction to the jury permitting them
to *increase* the actual damages award with exem-
plary and punitive damages only if the required
elements (discussed below) are established. We
suggest that development of a special verdict form

directing the jury to address the discrete issues that must be resolved in cases involving such exemplary and punitive damage awards would assist both the deliberative process and the task of judicial review. [*Peisner, supra,* pp 135-136.]

The *Peisner* Court distinguished that case from *Veselenak* on the basis that, in the libel context, as was involved in *Peisner,* the Legislature has provided separately for actual damages for injury to feelings and "exemplary and punitive" damages. Hence compensatory-type exemplary damages, in that situation, are not merely a component of actual damages.[1] We note that, historically, exemplary damages have been awarded for injured feelings which are the result of voluntary acts which must inspire feelings of humiliation, outrage and indignity. The voluntary acts must be malicious or so wilful and wanton as to demonstrate a reckless disregard of plaintiff's rights. See *Detroit Daily Post Co v McArthur,* 16 Mich 447, 453 (1868); *Wise v Daniel,* 221 Mich 229; 190 NW 746 (1922); *McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957); *Bailey v Graves,* 411 Mich 510; 309 NW2d 166 (1981). In *Bailey, supra,* involving a civil action for assault and battery similar to the instant case, the Supreme Court found erroneous the trial court's failure to charge the jury that a determination of wilful and wanton conduct on the part of the defendant police officer was a sine qua non to the award of exemplary damages. In the instant case, however, the trial court sufficiently charged the jury that exemplary damages compensate for injuries that are maliciously, wilfully and wantonly inflicted. Accordingly, we conclude that the instructions were not erroneous as duplicative.

[1] At issue in *Veselenak* was the alleged concealment of medical malpractice. The Court concluded, on the basis of those facts, that an award of actual and exemplary damages was duplicative.

Churcott next contends that there was no evidentiary support for the exemplary damages instruction or for the elements of fright, shock, mental anguish or physical pain and suffering in the compensatory damages charge. We disagree. Our review of the lower court record indicates sufficient evidence on these elements was presented at trial to support the jury instructions on both exemplary damages and compensatory damages. Hence, since the instructions were warranted by the evidence, they were proper. *Lynd v Chocolay Twp,* 153 Mich App 188; 395 NW2d 281 (1986).

Finally, defendant Churcott contends that the instruction on intentional touching amounting to a battery was erroneous since every detainment of a suspect requires intentional touching. We find this argument to be without merit. The court also instructed that "an arresting officer may use such force as is reasonably necessary to effect a lawful arrest. However, an officer who uses more force than is reasonably necessary to effect a lawful arrest, commits a battery upon the person arrested." Taken as a whole, the instruction was proper as it defined "intentional touching" as using more force than reasonably necessary in effecting an arrest.

In view of the foregoing, we find both plaintiff's and defendant Churcott's claims of error on appeal to be meritless. Accordingly, we affirm the directed verdict entered in favor of defendant City of Vassar, and affirm the judgment entered on the jury's verdict in favor of plaintiff.

Affirmed.