CADILLAC VENDING COMPANY v HAYNES

Docket No. 87792. Submitted October 15, 1986, at Detroit. Decided December 1, 1986. Leave to appeal applied for.

Cadillac Vending Company and Union Music Company, Inc., owned coin-operated vending equipment which they installed at the Blue Whale Saloon under an agreement with Morris L. Haynes, the saloon's owner and operator. The agreement provided for a percentage of the revenue from the equipment to be paid as a commission to Haynes, who sometimes received an advance payment credited against future revenues in exchange for a written promise granting Cadillac Vending and Union Music exclusive rights to place coin-operated vending equipment at the saloon for a four-year period. When Haynes subsequently bought additional equipment from North American Interstate, Inc., after receiving an advance from Cadillac Vending and Union Music under the terms described above, Cadillac Vending and Union Music filed separate actions, which were later consolidated, against Haynes for breach of contract and against North American for tortious interference with a contract. Following a bench trial, the district court found that Haynes had intentionally breached his contract with plaintiffs by installing equipment he purchased from North American and that North American had intentionally interfered with the contractual relationship between Haynes and plaintiffs. The district court awarded plaintiffs compensatory damages, exemplary damages, and the balance of the amount advanced by plaintiffs to Haynes, plus interest. On appeal, the Macomb Circuit Court, George R. Deneweth, J., affirmed the district court. Defendants' application for leave to appeal was denied by the Court of Appeals. However, on application for leave to appeal to the Supreme Court, that Court remanded the case to the Court of Appeals for consideration as on leave granted. 422 Mich 972 (1985).

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Damages §§ 80-82, 245.

Punitive damages for interference with contract or business relationship. 44 ALR4th 1078.

1. Exemplary damages are not available in a breach of commercial contract case. Therefore, the district court's award of exemplary damages against Haynes was clearly improper.

2. Assuming arguendo that exemplary damages are available in an intentional interference with contract case, such an award must be supported by findings of the trier of fact indicating that the defendant acted with malice or with reckless disregard for the plaintiff's rights and that the plaintiff was subjected to feelings of humiliation, outrage, and indignity and, most importantly, that it must be impossible to make the plaintiff whole by compensatory damages done. In this case, no such findings were indicated by the record. Therefore, the district court erred in awarding exemplary damages against North American.

3. Defendants' other claims on appeal required neither reversal nor discussion.

Affirmed in part and reversed in part.

1. DAMAGES — EXEMPLARY DAMAGES — CONTRACTS — COMMERCIAL CONTRACTS.

Exemplary damages are not available in a breach of commercial contract case.

2. DAMAGES — EXEMPLARY DAMAGES — TORTS — INTENTIONAL TORTS.

The mere fact that an intentional tort is committed does not justify the awarding of exemplary damages; rather, the act must be malicious or so willful and wanton as to demonstrate a reckless disregard for the plaintiff's rights and inspire feelings of humiliation, outrage, and indignity and, perhaps most importantly, it must be impossible to make the plaintiff whole by compensatory damages alone.

*Joseph N. Impastato* and *Robert K. Costello,* for plaintiffs.

*Philip A. Gillis,* for defendants.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs obtained a judgment against defendants following a bench trial in district court. Defendants appealed to the Macomb

* Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court, George R. Deneweth, J., which affirmed. Defendants then applied for leave to appeal to this Court, which was denied on September 8, 1982 (Docket No. 65536). Defendants then applied for leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the matter to this Court "for consideration as on leave granted." *Cadillac Vending Co v Haynes,* 422 Mich 972 (1985). We must consider this case in view of *Hayes-Albion Corp v Kurberski,* 421 Mich 170; 364 NW2d 609 (1984).

Plaintiffs Cadillac Vending Company and Union Music Company, Incorporated, are in the business of placing coin-operated vending equipment in business establishments. Defendant Morris L. Haynes was the owner and operator of the Blue Whale Saloon. For several years prior to the events at issue, defendant Haynes did business with plaintiffs, receiving as a commission a percentage of each machine's revenue. From time to time during the course of this relationship, plaintiffs advanced various sums of money to defendant Haynes to be recovered in future revenue derived from operation of the equipment. Each time such advances were made, Haynes was asked to sign certain documents granting plaintiffs exclusive rights to use of his premises for a four-year period.

On November 21, 1975, Haynes executed such an agreement in exchange for a $3,000 advance. At that time, plaintiffs had two cigarette machines, two pool tables, three pinball machines and one jukebox in the saloon. Sometime in March, 1976, a sales agent of defendant North American Interstate, Incorporated, solicited Haynes concerning the purchase of his own vending equipment. Haynes contracted with North American to purchase and lease two cigarette machines, two pool tables and a jukebox.

This equipment was delivered to the saloon in May, 1976. Plaintiffs' equipment, except the pinball machines, were removed by North American and delivered to plaintiffs' place of business on the same day. Haynes subsequently tendered a check to plaintiffs for the balance of the November, 1975, advance. On the back of the check was printed "payment in full for all lease obligations." Plaintiffs never cashed the check.

On June 4, 1976, plaintiffs filed complaints in 41-B District Court in Macomb County against Haynes, seeking $6,000 for breach of contract, and against North American, seeking $4,000 for tortious interference with contract. Defendants filed their answers on July 13, 1976, and each also counterclaimed against each plaintiff. Because the counterclaims exceeded the jurisdictional amount of district court, both defendants moved to remove the cases to circuit court. Over plaintiffs' objections, the cases were removed by order of the district court on August 27, 1976. The circuit court subsequently consolidated the cases on May 4, 1977.

In October, 1977, Circuit Court Judge Raymond Cashen ordered the cases removed back to district court. Following this action, plaintiffs moved to increase their ad damnum clause to $50,000 each. Judge Cashen granted the motions. Although District Court Judge William H. Cannon subsequently set aside Judge Cashen's order for lack of jurisdiction, Judge Cannon, himself, allowed the increase in the ad damnum clause pursuant to stipulation on July 19, 1978.

Following a bench trial, Judge Cannon found that a valid contract existed between defendant Haynes and plaintiffs and that Haynes' subsequent purchase and installation of defendant North American's equipment was an intentional breach

of that contract. He also found that North American had intentionally interfered with the contractual relationship between Haynes and plaintiffs. Having determined that damages stemming from defendants' actions were subject to reasonable computation based upon the evidence presented by plaintiffs, the district court awarded plaintiffs $46,000 in compensatory damages, $10,000 each in exemplary damages and the $1,800 balance of the last advance made by plaintiffs to Haynes, plus interest.

We first consider whether the trial court's award of $10,000 in exemplary damages to each plaintiff was proper. We conclude that it was not.

The award of exemplary damages against defendant Haynes was clearly improper. Exemplary damages are not available in breach of commercial contract cases:

> We hold that, absent allegation and proof of tortious conduct existing independent of the breach, see, *e.g., Harbaugh v Citizens Telephone Co,* 190 Mich 421; 157 NW 32 (1916), exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract. [*Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 420-421; 295 NW2d 50 (1980).]

Plaintiffs' cause of action against defendant Haynes sounded only in contract. Moreover, a contract to place vending machines in a bar is a commercial contract.[1] Accordingly, the lower courts erred in allowing plaintiffs to recover exemplary damages against defendant Haynes.

The question of whether exemplary damages

---

[1] Plaintiffs' argument that the contract was personal, rather than commercial, since plaintiffs' president and defendant Haynes had been friends for years, is without merit. The nature of the transaction renders it a commercial contract.

were proper against defendant North American on the tortious interference with contract claim is somewhat more problematic. At least one panel of this Court has rejected the awarding of exemplary damages in any tortious interference with a commercial contract case. See *Getman v Mathews,* 125 Mich App 245; 335 NW2d 671 (1983). On the other hand, the tort is, by definition, an intentional tort and intentional torts are the type for which exemplary damages are awarded. *Veselenak v Smith,* 414 Mich 567, 575; 327 NW2d 261 (1982).

However, we find it unnecessary to resolve the question of whether exemplary damages are available in intentional interference with contract cases as we conclude that, even if such damages are generally available, the trial court's findings do not justify their award in the case at bar.

In *Hayes-Albion Corp v Kuberski, supra,* pp 187-188, the Supreme Court stated:

> Since *Ross v Leggett,* 61 Mich 445; 28 NW 695 (1886), the purpose of exemplary damages in Michigan has not been to punish the defendant, but to render the plaintiff whole. When compensatory damages can make the injured party whole, this Court has denied exemplary damages. *Veselenak v Smith,* 414 Mich 567; 327 NW2d 261 (1982).
>
> In the instant case, plaintiff contends on appeal that recovery of the profits made by International Silicone and unjust enrichment damages from Lunger, Erie, and National Pattern will not fully compensate it for the damage it has suffered. Plaintiff argues that those amounts do not compensate it for time that Kuberski devoted to International Silicone while he was being paid by plaintiff. Although plaintiff may be entitled to be compensated for such loss, compensation therefor is not properly granted as exemplary damages.

In *Veselenak, supra,* pp 574-575, the Court stated that, in order to award exemplary damages:

[T]he act or conduct must be voluntary. *Detroit Daily Post Co v McArthur* [16 Mich 447 (1868)]. This voluntary act must inspire feelings of humiliation, outrage, and indignity. *Kewin v Massachusetts Mutual Life Ins Co, supra.* The conduct must be malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiff's rights. *Wise v Daniel,* 221 Mich 229; 190 NW 746 (1922); *McFadden v Tate,* 350 Mich 84; 85 NW2d 181 (1957); *Bailey v Graves,* 411 Mich 510; 309 NW2d 166 (1981).

Thus the mere fact that an intentional tort is committed does not justify the awarding of exemplary damages. Rather, the act must be malicious or be so willful and wanton as to demonstrate a reckless disregard for the plaintiff's rights, it must inspire feelings of humiliation, outrage, and indignity and, perhaps most importantly, it must be impossible to make the plaintiff whole by compensatory damages alone.

In the instant case, the trial court awarded plaintiff $46,000 in compensatory damages plus an additional $1,800, which represented the unused portion of the advancement against commissions. The trial court's sole finding concerning North American's tortious conduct was the following:

The Defendant North American Interstate, Inc. intentionally interferred [sic] with the contractual relationship between the Plaintiffs and Defendant Morris L. Haynes, by Defendant North American Interstate, Inc., and the Plaintiffs presented a reasonable basis of computation for the damages incurred.

That finding does not justify the awarding of exemplary damages. The trial court did not find any malice or reckless disregard or that the conduct brought forth feelings of humiliation, outrage or

indignity. Moreover, the trial court did not conclude that compensatory damages would be inadequate. Rather, the trial court found that "plaintiffs presented a reasonable basis of computation for damages."

Since there was no justification for the awarding of exemplary damages, that portion of the judgment is vacated. Defendants' remaining issues require neither reversal nor discussion. The remainder of the judgment is affirmed.

Affirmed in part and reversed in part. No costs.